OPINION of the Court, by
Judge Owsley.
'This is an appeal from a judgment in an ejectment obtained by the appellees upon a patent of 2000 acres, which issued in the name of John Minor, the ancestor of their father Nicholas Minor.
The patent issued in 1788, in virtue of a survey of 1784, made upon an entry of 1781; but before the date of the survey and patent, John Minor died, leaving Nicholas Minor his eldest son and heir at law; ami whether the appellees can maintain an ejectment upon the patent which issued to John Minor, after his decease, is the main question for determination.
After the death of John Minor* as the law then stood, it was clearly irregular to survey the entry and obtain the grant in his name ; but as he at that time had a dividable interest in the land, upon his decease that interest passed to Nicholas, the father of the appellees, and consequently the title ought regularly to have been perfected in his name.
Subsequent, however, to the death of John Minor* and after the patent had issued in his name, the legisla-" ture of this country, at their fall session of 1792, by a section in an act amendatory to an act establishing á land office, (1 Littell 160) after reciting that “ whereas in some instances grants have issueil in the names of, persons who were deceased at the date of the" grant, and cases of the same nature may happen in future, enacted that in all such cases the land conveyed shall descend to the heir, heirs or devisees, in the same manner á» it *386 would do liad the grant issued in the lifetime of such decedent.”
If this act has the effect of perfecting the title in any person whatever, it must be in Nicholas Minor, the heir at law of John, at the time of his decease, and not, as was contended in argument, in such persons as might have been John’s heirs, had he survived until after the date of the grant: for as by the death of John, the right which he then liad descended upon his son Nicholas, it is most reasonable to suppose the law-makers, when legislating for the purpose of remedying the mischief occasioned by patents issuing in the name of dead persons, intended what the dictates of natural justice required, to perfect the title in those who might hold the inchoate title. This intention is not only a consequence resulting from the principles of natural justice, but is moreover abundantly manifest from the wording of the act itself: for by it the land is not made to pass to such hejrs as the decedent might have had, had he lived until the issuing of the grant, but to his heir in the same manner as itwould have done had the grant issued in the lifetime of the decedent.
That the act wyas intended by its makers, and should he so interpreted, to perfect the title, whether a'patent might have issued before, or should issue after its passage, we apprehend, from a fair and candid exposition, there can be but little doubt. The mischief recited applies expressly to both classes of cases ; and although the enacting part of the act declares, in the future tense, that the land shall descend, &c. we are not to infer from that expression that it was intended exclusively to provide for patents which might thereafter issue, hut rsw ther suppose it indicative of an understanding in the makers of the law that before its passage, notwithstanding the emanation of a patent to the ancestor after his decease, the legal title did not enure to the heir; and hence the propriety of the expression shall descend, for the purpose of passing the title to the. heir, as well in relation to patents which had, as such as might thereafter issue.
With respect to the power of the legislature to perfect the title in the heir by a statutory provision, we can perceive no substantial objection : for upon the supposition that no interest passes by a grant to a de/id person, the title must continue to reside in the common *387 wealth, anil as such of necessity liable to be Iransferred in any manner the legislature may think proper to direct. Tlie compact with Virginia can certainly furnish no objection against the power of the legislature to pass the act referred to : for as by that act, so far from prejudicing the right of any person derived from the laws •f Virginia, it is calculated to secure and make valid such rights, no violation of the compact can be perceived.
The judgment of the court beloiv must therefore he affirmed with costs.