## KNICKERBACKER v. HARRIS.[1]

Where a parol agreement was made for the purchase of a lot of land for the sum of $21 50 per acre, to be paid in seven equal annual payments, and by the agreement, the grantor was to have the lot surveyed and to give a conveyance with warranty, on the payment of $300 by the grantee, and upon his executing to the grantor a bond and mortgage for the residue of the purchase-money: and the grantee went into possession under the agreement, and continued in possession 8 or 9 years, making payments from time to time towards the land, for which the grantor gave receipts, specifying therein that the moneys received were in payment for the land, and that he, the grantor, was to give the grantee a deed therefor; the grantee made a payment of $333 soon after he went into possession, at the expiration of 8 years from the time the agreement was made, the grantor tendered a deed to the grantee, and demanded payment or security for the balance of the purchase-money, the defendant refused to accept the deed, alleging that it contained too much land, and that the grantor had included too much interest in the balance he claimed to be due, it was held, that neither party could take advantage of the agreement's not being in writing, that it was too late for the defendant to object that the grantor had not caused a survey to be made of the lot, and delivered a deed therefor immediately after the first payment, that the defendant could only have put an end to the contract by tendering the balance due and demanding

---

[1] Reversed, see S. C., 5 Wen. 638.

a performance of the contract on the part of the grantor; that a tender and
demand made, *after a bill had been filed by the grantor for a specific per-
formance, was a nullity.

Where a defendant in his answer only denies a fact charged in the bill, ac-
cording to the best of his knowledge and belief, a single witness on the
part of the complainant is sufficient to establish the fact.

Where, in a bill filed for a specific performance of a contract for the sale of
land, the complainant insisted upon the defendant's taking two acres more
than he was bound to take, and the defendant declined paying interest,
which the complainant was entitled to, neither party was allowed costs.

1828.

Knickerbacker
v.
Harris.

In September, 1815, the defendant agreed with the com- October 7th.
plainant to purchase of him a lot of land in Greenfield, in
the county of Saratoga, supposed to contain about 100
acres, being the north part of lot No. 1, in great lot No. 2,
in the 22d general allotment of the Kayaderosseras patent,
north of and adjoining lands before that time sold by the
complainant to William Seymour.  The defendant was to
pay $21 50 per acre for the land, the quantity to be ascer-
tained on actual survey, and to be paid in seven equal
annual payments.  The complainant was to have the lot
surveyed, and to give a conveyance to the defendant, with
warranty, on his paying $300, or more, of the purchase-
money, and giving to the complainant a bond and mortgage
to secure the payment of the residue.  The complainant
alleged that the defendant was to pay interest from the time
of the purchase.  The defendant said he had no knowledge,
remembrance or belief that by the terms of the original
bargain any interest was to be paid.  But one of the de-
fendant's witnesses testified that he understood from him,
he was to pay interest after the first payment became due
on the 20th of December, 1815.  The contract for the pur-
chase of the farm was not reduced to writing by the par-
ties; but the defendant went into possession of the lot un-
der the agreement, and continued in possession until Febru-
ary, 1824.  On the 23d of December, 1815, the defendant
made a payment towards the land, and took a receipt from
the complainant in the words following:  "Rec'd this 23d
December, 1815, of John Harris, three hundred thirty-three

1828.

Knickerbacker
v.
Harris.

[*211]

dollars, in part payment of a piece of land which I am to deed to him, lying in the town of Greenfield, adjoining lands lately sold to William Seymour by me, which conveyance is to be made as soon as the land can be run out. John *Knickerbacker, jun." The defendant continued to make payments towards the lands from time to time, until the 23d of August, 1821, and took receipts therefor, specifying that the moneys received were in payment of the land, and that complainant was to give him a deed therefor. Several surveys were attempted, but the parties could not agree as to the location and boundaries of the lot. In the fall of 1823, the complainant tendered to the defendant a deed, and demanded payment or security for the balance of the purchase-money. The defendant refused to accept the deed, alleging it contained too much land, and that the complainant had included too much interest in the balance claimed to be due. In January, 1824, the bill in this cause was filed to compel a specific performance, and in February thereafter the defendant made a formal demand for a deed from the complainant, but made no tender or offer to pay the balance then due. The complainant declined giving him any other deed than the one offered before ; whereupon the defendant gave him a written notice that he considered the contract at an end, and demanded repayment of the purchase-money. The defendant afterwards commenced a suit at law to recover back the money which had been paid ; the proceedings in which suit have been stayed by an order of this court.

*J. L. Viele,* for the complainant.

*L. H. Palmer,* for the defendant, cited *Bogart* v. *Perry,* (1 John. Ch. R. 52 ;) *Parkhurst* v. *Van Cortlandt,* (1 John. Ch. R. 274;) *Hatch* v. *Cobb,* (4 John. Ch. R. 559 ;) *Benedict* v. *Lynch,* (1 John. Ch. R. 370 ;) *Lord Walpole* v. *Lord Orford,* (3 Ves. 403, 420;) *Buxton* v. *Lister,* (3 Atk. 386 ;) Sugden's Law of Vendors, 272.

THE CHANCELLOR:—The agreement between the parties, although not in writing, has been so far carried into effect that neither party is now at liberty to make that objection. The defendant went into possession of the premises under the agreement, and occupied the same between eight and nine years; and the complainant, during the same period, has received the principal part of the purchase-money. It is *also too late for the defendant to object that the complainant did not cause the premises to be surveyed and give him a deed therefor immediately after the first payment. He has waived that objection by continuing to make payments towards the land for several years afterwards. This must be considered as an election, on his part, not to rescind the contract in consequence of that neglect on the part of the complainant.

In 1823, the purchase-money was all due, and the defendant could only put an end to the contract, at that time, by making a formal tender or offer to pay the balance due, and by demanding a performance of the contract on the part of the complainant. At the time the formal demand was made in February, 1824, this suit was pending to compel a specific performance of the contract; and the rights of the parties must be determined without reference to that transaction. If any effect is to be given to that proceeding, it is evidence that up to that time the defendant considered the contract in force, as he then demanded to have it fulfilled. It therefore becomes necessary to ascertain what that contract was, in order to do justice between the parties.

If the defendant, in his answer, had explicitly denied that he was to pay any interest, or alleged that the agreement was that the payments were to be made without interest, it would have been incumbent on the complainant to disprove that allegation in the answer by more satisfactory testimony. But a denial according to the best of his knowledge and belief, or in other words saying he has no recollection it was so, merely throws the proof upon the other party, and a single witness is sufficient to establish the fact.

1828.

Knickerbacker
v.
Harris.

[*213]

In the first place, it is highly improbable that the agreement was that he should have seven years to pay for the farm without interest; as it is contrary to the usual mode of making such sales, where the purchaser goes immediately into possession. In addition to this, we have the testimony of Thomas Scott, the defendant's witness, that he told him he was to pay interest on the purchase-money from the 20th of December, 1815, the time he was to make the first *payment. The complainant therefore is entitled to interest on the purchase-money from that time.

As to the controversy about the two acres which were included in the lot conveyed to Seymour, more than he was entitled to, the defendant is not bound to take that land, although the complainant has now a perfect title to the same. At the time of his purchase, that land had been conveyed to Seymour. The defendant's purchase was bounded on Seymour's land, and did not include any part of it. He is only bound to take the land which he agreed for, without reference to any mistakes which had been made in the running out and conveying the land to Seymour. The land which the defendant is bound to take, is all that part of lot number one, in great lot number two, which lies north of the lands sold and conveyed to Seymour, and no other.

It must be referred to a master to ascertain the number of acres in the farm, and the amount which is still due thereon, estimating the land at $21 50 per acre, and computing interest from the 20th December, 1815; and on the coming in and confirmation of the master's report, the defendant must pay the amount reported due, with interest from the date of the report, and the complainant must convey the premises to the defendant by a good and sufficient deed, with the usual covenants of warranty and seizin, to be settled by the master, and the injunction to restrain the defendant from proceeding at law must then be made perpetual.

As the complainant insisted upon the defendant's taking

the two acres of land covered by the Seymour deed, which he was not bound to take under his contract, and the defendant declined paying interest, which under the contract the complainant was entitled to, neither party is to be allowed costs as against the other.