At the Fall Term, 1333, Judge Nicholas delivered an opinion, reversing this case. A rehearing was granted, and the reargument took plae.e, during the last. Spring- Term.
Judge Underwood
now delivered the following Opinion
Judge Nicholas concurring : the Chief Justice dissenting.
Form&n filed a bill to foreclose a mortgage executed by Throckmorton, after a lapse of more than twenty years. Hunt &o., vendees of Throckmorton, resist the demand set up, upon the presumption of payment resulting from lapse of time, and insist, that time alone constitutes a bar to the relief sought.
Forman attempts to escape the effect of time upon his demand: first, upon the ground that he was a non-resident ; and secondly, upon the ground that Throckmorton was insolvent.
Since the repeal of the savings in our statutes of limitations in favour of non-residents, it may be well doubted whether the chancellor should, in any case, put a nonresident complainant upon a more favorable footing than a resident; but if there still exists an exception in favour of non-residents, Forman has not shewn himself entitled to it. He was in this state when the mortgage was executed. That, at least, is the legal presumption ; for how else was the note .and mortgage executed and delivered? He does not allege lie was not here upon the execution of the note and mortgage. When he left the state does not appear. He may have remained here ten years, and have made a dozen visits since, for ought this court knows. After so long a delay, it was his duty by positive averment to shew every fact necessary to account for the delay ; and this should be done in his bill, *472 before tbe chancellor ought to listen to his complaint,' about a demand so stale. '
ÍDíSSENT and ^ofthe^faltTsf pleadings, by tice — whofsof opinion, that absence^?1 the creditor from the insolvency of the debtor— facts which he conceives are sufficiently alleged and proved in this case —are either of them sufficient :to rebut the presumption of paymentarising from lapse of time: and, that the presumption ofnonpayment, arising from the debtor’s insolvency, is not rebutted, but rather confirmed,, by the existence ofa mortgage to secure the debt.
*472 Disregarding Forman’s non-residence, the second enquiry is as to the effect of Throckmorton’s insolvency. This cannot account for Forman’s deláy. In respect to him and bis debt, Throckmorton was not insolvent, because of the security resulting from the mortgage. Forman cannot say, I did riot pursue my debt because Í could get nothing, or, i5f he should say so, the answer is, you could have got it out of the mortgaged property, and if you did not, the presumption is, after twenty years unexplained delay, that the debt was otherwise paid, or, that it never had a bona fide existence. Suppose joint obligors, or joint and several obligors — principal and surety, and the obligee delays for twenty' years; can lie then sue, and repel the presumption of payment liv proving that the principal was insolvent during the whole time? The fact, that he could have made the debt out of the surety, and did not, should conclude him, because it is contrary to the ordinary course of human .conduct to hold up a just demand for twenty Years, when it can be collected. Besides the insolvency is not alleged, it is only charged that Throckmorton was in ■ “ humble circumstances.'”
Decree reversed, and cause remanded with directions io dismiss the bill (Chief Justice dissenting.)