By the Court,
Nelson, C. J.
This action is brought to recover a large sum of money loaned to the defendants on discounting promissory notes in express violation of the restraining act, which prohibits all corporations not authorized by the laws of this state from keeping an office for the purpose of discount or deposite. 1 R. S. 708, § 6.
It is insisted that though the securities for the moneys loaned be void, the contract of the loan itself is valid, and may be enforced according to several cases decided by this court, viz. 8 Cowen, 20 ; 3 Wendell, 296; 4 Id. 652. Whether the doctrine of these cases is well founded and may be upheld upon established principles or not, or whether the result was not materially influenced by the peculiar phraseology and powers of the charter of the Utica insurance company, in respect to which they arose, it is not necessary at present to examine. I am free to say in either aspect I should have great difficulty in assenting to them. See 7 Wendell, 276 ; 17 Id. 173 ; and 20 Id. 390.
It is sufficient here that the plaintiffs are met by a positive enactment of law. In 2 R. S. 373, § 2, it is provided that where by the laws of this state any act is forbidden to be done by a corporation, or any association of *496 individuals, without express authority of law, and such act be done by a foreign corporation, it shall not be authorized to maintain any action found- ■ ed upon such act or upon any liability or obligation, express or [ *651 ] implied, arising out of, or made, or entered ‘into, in consideration of such act. How this company is prohibited from keeping an office for the purpose of receiving deposits or discounting promissory notes. They have kept such an office and loaned the money in question in pursuance thereof, as conceded by the demurrer. The contract of loan has grown out of the prohibited act; it was the very purpose for which the illegal act was committed.
Judgment for defendant.