WATSON, ET AL. vs. PALMER, ET AL.

Equity will relieve from a judgment at law, when the party was prevented by unavoidable necessity, through no fault of his own, from making his defence.

And courts of equity would be deprived of a large portion of their jurisdiction, if they could not relieve in such cases.

The party must show that he had been guilty of no laches, and that his presence in person, was necessary at the trial to make defence.

Where the answer denies a fact charged, only according to knowledge and belief, a single witness for the complainant will authorize a decree.

And one witness is sufficient against an answer, where the defendant could have no personal knowledge of the fact—and the same rule holds, where the fact denied cannot be supposed to be within the knowledge of the defendant.

In such case, the only effect of the denial is to put the complainant to the proof.

Sickness of a party is a good excuse for not being present on the trial of the case.

THIS was a bill in chancery, determined in the Jefferson circuit court, in April, 1844, before the Hon. ISAAC BAKER, one of the circuit judges. Henry L. Allen brought his bill against Rowan Watson, Giles and George W. Babcock, alleging in substance that Watson, as the assignee of the Babcocks, had in said court recovered against Allen, in an action against him and one Barnes, a judgment by default for $736 61. That the action was assumpsit founded on a promisory note, purporting to have been executed by "Barnes & Allen" for $551 71 in favor of the Babcocks, and by them assigned to Watson. That he never was the partner of Barnes in any manner whatever, and Barnes had no right to sign Allen's name to that nor any other note, nor bind him in any other manner howsoever. That his, Allen's, name had been forged. That after service of the writ upon him in the suit at law he became dangerously ill, so that he could not leave his room, and so continued through the term of the court at which judgment was rendered. And in consequence of the illness it was impossible for him to attend court and defend, which he had intended doing. That pleas, denying the execution of the note, and Barnes authority to sign his name, must, as he is advised, have been sworn to by himself and by no other person; and that unless he had been personally present a perfect defence could not have been made. This is the substance of the facts charged. The bill prayed for injunction and general relief, and was sworn to by Allen. In April, 1842, a writ of injunction was issued, and at April term, 1843, Watson filed his

answer and cross bill making Palmer a defendant, and moved to dissolve.   The answer in substance, admits the recovery of judgment as alleged.   That the note sued on was given by Barnes & Allen for goods bought of Babcocks, who were the agents of Watson.   That he is informed, and believes, and so charges the truth to be, that, at the time the note was executed, the firm of Barnes & Allen was composed of one Francis Barnes and the complainant, and charged that a partnership actually existed, and that they were generally reported and believed to be partners, and that the note was executed with the full knowledge and consent of complainant.   He also denied upon information and belief the charge that Allen was prevented by sickness from attending court and defending the action at law, or that he intended so doing.   That at the time of the purchase of the goods, for which the note was given, Barnes was entirely insolvent, and unworthy of credit, and that Allen possessed little property, but that Palmer was a large property holder.   That Barnes, Allen, and Palmer combined and confederated to represent the firm of Barnes & Allen as perfectly solvent and trustworthy, and so obtain property in the partnership name, after which, for a small consideration, the property was to be transferred to Palmer, Barnes abscond, and Allen deny the partnership, by which means Palmer would obtain a large amount of property for an inconsiderable sum.   And that the purchase of goods and giving the note sued on was a part of this plan.   That Palmer wrote a letter recommending said firm as worthy of credit, which letter Barnes exhibited to the Babcocks before purchasing said goods upon the faith of which they sold.   That after the purchase, Barnes in his individual name transferred a large stock in trade, in value from 15 to $20,000, the aforesaid goods being part, to Palmer for a small consideration, and absconded to parts unknown, all of which was done pursuant to the aforesaid corrupt combination.   That the statements made by Palmer, in his aforesaid letter, were corruptly and fraudulently made for the purpose of enabling said firm to obtain credit.   This is the substance of the answer and cross bill, all the charges in which are made upon information and belief.   The answer and cross bill prays that Allen and Palmer may answer, &c., and be compelled to satisfy the judgment at law.   Watson resided at New-York, where his

answer was sworn to. Giles and G. W. Babcock also filed their answer denying all combination, or having any interest in the suit, but allege that the goods were sold and the note taken in entire good faith. Allen replied to the answer of Watson, and answered the cross bill denying all and singular the fraud, conspiracy and combination therein charged—denied all knowledge of the alleged letter of recommendation, believed none such was ever written, but that if Barnes did exhibit one it was forged.

Palmer demurred to the cross bill, but afterwards withdrew it, and answered, denying everything in the cross bill contained. Replications were filed to each of the several answers to the cross bill, and the case set down for a hearing—on bill, cross bill, answers, replications, exhibits, and depositions. The scope and substance of the evidence is sufficiently stated in the opinion of the court. A decree perpetuating the injunction was recorded, from which Watson appealed.

*Cummins*, for appellant. A court of chancery can only take cognizance of a cause where adequate and full relief cannot be obtained at law. *Sec.* 1 *Ch.* 23. *Rev. Stat. Ark. p.* 158.

" It is a general rule without any exception to the contrary, that a party is not entitled to come into equity if his remedy is fully adequate at law, and if a court of law has in the first instance acquired jurisdiction of the subject matter." *Cummins vs. Bentley,* 5 *Ark. Rep.* 9. To the same point, see *Dugan vs. Cureton,* 1 *Ark. Rep.* 31. *Messenger vs. Hammond,* "*the jurist,*" *vol.* 1, *p.* 98. *Barker vs. Elkins, et al.* 1 *J. Ch. Re.* 465. *Attorney Gen. vs. Utica Ins. Co.* 2 *J. Ch. Re.* 371. *LeRoy vs. The Cor. of N. Y.* 3 *J. Ch. Re.* 356. *S. & P. Renny vs. Martin, et al.* 4 *J. Ch. Re.* 566. *Hempshall vs. Stone,* 5 *J. Ch. Re.* 193. *Gregory vs. Withers, et al.* 5 *J. Ch. Re.* 232. *Foster, et al. vs. T. M. Woods,* 6 *J. Ch. Re.* 87. 1 *J. Ch. Re.* 98. *LeGuen vs. Gouvernem & Kemble,* 1 *J. Cases* 436. *Harrison vs. Nettleship,* 8 *Cond. Eng. Ch. Re.* 66. *Ware vs. Howard,* 14 *Ves.* 30. *Massop vs. Eadon,* 16 *Ves.* 430. *Keogh vs. Keogh,* 12 *Eng. Ch. Re.* 358. *Anon.* 2 *Ves. p.* 414. *Franco vs. Bottan,* 3 *Ves.* 368. *King vs. Blatch,* 5 *Ves.* 540.

The court below had acquired jurisdiction by personal service on

defendant, and ample remedy was given at law by plea of *nil debet* sworn to. *Sec.* 104, *ch.* 116, *Rev. Stat. Ark.* The party cannot be admitted to come into equity even on showing on face of bill, as five months elapsed between service of writ and judgment.

"In regard to injunctions after judgment at law, it may be stated as a general principle, that any fact which proves it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, *unmixed with any fault or negligence in himself or his agents*, will authorize a court of equity to interefere by injunction to restrain the adverse party from availing himself of such judgment. 2 *Story's Equity,* 174. See, also, to same point, 2 *Story's Equity,* 179, 180, 181 *and* 182. *Lansing vs. Eddy,* 1 *J. Ch. Re.* 51. *Simpson vs. Hart,* 1 *J. Ch. Re.* 91· *Smith, et al. vs. Lowns,* 1 *J. Ch. Re.* 320. *Floyd vs. Jayne,* 6 *J. Ch. Re.* 479. *Duncan vs. Lyon,* 3 *J. Ch. Re.* 351. *Dodge vs. Strong,* 2 *J. Ch. Re.* 228. *Drewry vs. Barnes, Cond. Eng. Ch. Re.* 316. *Bateman vs. Miller,* 1 *Shoales & LeRoys Rep.* 201. Complainant was not taken sick for two months after service of writ, and even after sickness, it did not prevent his doing every thing necessary to full defence at law.

Even if the face of the bill shows a sufficient excuse for not defending at law, the proof does not sustain it, and the court would be without jurisdiction on that ground. The want of jurisdiction is fatal at every stage of the proceeding. *Story's Eq. Pl.* 8, 31, 82, 371, 372. *Penn vs. Lord Baltimore,* 1 *Ves. jr.* 444. *Ware vs. Harwood,* 14 *Ves.* 30. *Barfield vs. Kelly, Cond. Eng. Ch. Re.* 703. *Harrison vs. Nettleship,* 8 *Cond. Eng. Ch. Rep.* 66. *Floyd vs. Jayne,* 6 *J. Ch. Re.* 479. Complainant sets up as an excuse for not defending at law, that he was advised his personal attendance in court was necessary on trial. This is setting up ignorance of the law at best, but this advice came after judgment went at law, and at the time of filing the bill.

*Hempstead & Johnson,* contra.

*By the Court,* LACY, J. It is perfectly clear that equity will relieve

Watson et al. *vs.* Palmer et al.

from a judgment at law, where a party was prevented from making his defence by an unavoidable necessity occasioned by no fault on his part. The authorities cited in the brief are conclusive on this point; and they are in strict conformity to the principles of reason and justice; and courts of equity would indeed be deprived of a large and important portion of their jurisdiction, if they could not grant relief in such cases. A party, to entitle himself to their interposition, must show that he has been guilty of no laches or negligence, and that his personal presence was necessary at the trial in order to have let in the defence. All this is alleged and proved in the present case. The Complainant states that he was sued at law as the partner of one Barnes on note given by the firm of Babcock, and assigned by them to Watson, (who it is admitted was always the true owner,) and that this was a forgery, and that he was prevented from attending the trial at law by extreme illness, which commenced some time before thh term at which judgment was had against him, and continued long afterwards. And that he was advised that his only defence was *non est factum*, and that the plea had to be sworn to, and required his personal attendance at the trial. The allegation of the forgery is fully proven, and so is the charge that there never was a partnership between the complainant and Barnes. The answer denies the statements of the bill and puts the complainant to the proof, and he has proved his continued illness which prevented his attending the trial at law, by only one witness. Is this sufficient? We hold that it is. The general rule is that where a material fact is put in issue by the answer, courts of equity follow the maxim of the civil law: *responsio unius non omnino audiatur.* In such cases it requires two witnesses, or one and other corroborating facts to authorize a decree. The rule is founded on the principle of an equal right to credit which a defendant may claim, when there is but a single witness opposed to his oath, and where he has answered positively, precisely and clearly as to a fact, and consequently, if he has sworn falsely, would subject him to the penalties of the law. 2 *Ch. Ca.* 8. *Bath vs. Montague,* 3 *Ch. Ca.* 123. 1 *Ves.* 161.

Where a defendant, by his answer, only denies a fact charged in the bill according to his knowledge and belief, a single witness on the

part of the complainant will authorize a decree. *Knickerbocker vs. Harris*, 1 *Paige* 209. Again, the testimony of one witness will be sufficient against the denial of an answer, where the defendant can have no personal knowledge of the fact. *Combs vs. Boswell*, 2 *Dana,* 474. The same principle holds where the fact denied cannot be supposed within the knowledge of the defendant. *Lawrence vs. Lawrence*, 4 *Bibb.* 385. In such a case the only effect of the denial in the answer is to put the complainant to the proof. This is precisely the principle in this case: the bill avers positively the sickness of the complainant and his inability to attend the trial at law. The answer denies the fact and complainant is put to the proof, and he established the charge fully by one witness, and this we hold to be sufficient. The decree, therefore, was rightly entered up perpetuating the injunction; and as the defendant showed no equity in his cross bill, it was properly adjudged against him. Decree affirmed.