Walker, J. There is no rule of evidence better settled than that, in general, the answer of one defendant in chancery cannot be given in evidence against his co-defendants; the reason being that, as there is no issue between them, there can be no opportunity for cross-examination. (1 Greenl. Ev. 178. Singleton vs. Gayle, 8 Porter, 271. Clark vs. Van Reimsdyke, 9 Granch, 152. Judd vs. Seever, 8 Paige, 548. Field vs. Holland, 6 Crunch, 8. 3 Phillips Ev. (Cowen Hill’s Ed.) 931. 2 Daniel Ch. Pl. & Pr. 981.) This general rule, however, does not apply to cases where the defendant claims through him whose answer is offered in evidence; nor to cases of joint interest, either as partners or otherwise in the transaction. (1 Greenl. Ev. 178. Williams vs. Hogsden, 2 Har. & John. 474. Van Reimsdyke vs. Kail, 1 Gall. 630. Clark vs. Van Reimsdyke, 9 Cranch, 153. Danl. Ch. Pl. & Pr. 982.) And this exception to the general rule is, in many instances, qualified and dependent upon the peculiar circumstances of each particular case, which it is unnecessary here to notice, as the answers of Notribe, Wait, and Hall, do not come within the exception to the general rule, and were clearly incompetent as evidence. It was objected, at the trial, on the part of defendant Barraque, that these answers were incompetent as evidence, and should be excluded. There is a marked difference between an offer to exclude illegal evidence from a court and a jury. The reasons for excluding evidence from a jury, do not hold good to the same extent with courts. Juries do not determine the admissibility of evidence; it passes to them under the discretion of the court; their province is to determine its sufficiency. (1 Ph. Ev. 18.) Therefore, to permit legal and illegal evidence indiscriminately to go before them would pervert the ends of justice by making their verdict the result alike of competent and incompetent evidence. Not so with the court, when questions of fact are presented to it. It is at all times competent and prepared, whether when the evidence is offered, or at the time of making up its verdict, to discriminate between that which is legal evidence and that which is not. The error, therefore, in such cases, consists not in the court’s refusing to exclude the evidence from itself, (although it might be best in some instances to save time,) but in taking it into consideration in making up a verdict. There are instances, however, where secondary evidence, if permitted to pass without objection to the court sitting as a jury, would become legal evidence upon the same principle and to the same extent that it would if allowed' to go to a jury, because, by permitting it to pass without objection, the adverse party is lulled into repose and deprived of an opportunity to offer better evidence or to amend that already offered. In this case the answers were a part of the pleading, and were necessarily before the court: the motion to exclude them as evidence amounted but to a proposition that the court should not weigh them in making up its decision. They were not secondary evidence, and the court was under the same obligation to exclude them in weighing the evidence without as with the motion. The case having been submitted to the court, the correctness of its decision must depend upon the fact whether the evidence, independent of the answers, is sufficient to uphold the decree. If such be the case, this court will not reverse the decree of the circuit court. There is a difference in the practice in appeals from common law and chancery decisions. The 138¿/i sec. Digest, 244, requires “ the supreme court to hear and determine the appeal in chancery, and if said court shall reverse the decision, order, or decree of the circuit court, the supreme court shall make such order, decision, or decree as the circuit court should have made.” So that, although the circuit court erred in its opinion as to whether the answers should be received in evidence in the case, it remains to be seen whether the facts, independent of the answers, were sufficient to sustain the decree, or if not, what decree this court should render in the premises. There seems to have been but one question seriously contested between the parties, which was, whether two fractions of land, part of a tract conveyed, by defendants Barraque and wife, to defendants Notribe and Wait, in trust for Siter, Price & Co., were contracted and intended to be conveyed and embraced in said deed, but which were, as is alleged, inadvertently omitted. The bill sets up positively that such was the case: that, before the purchase, Barraque went upon the land conveyed, including these fractions, and showed it to the agent, who purchased it for Siter, Price & Co., as being part of the tract of land offered for sale: that part of the improvements wrere upon them, and that the deed was made with a full and confident belief that these fractions constituted part of the tract conveyed: that Barraque made out, and delivered to the agent, at the time the deed was made, a statement of the different improvements on the entire tract conveyed, and in which is the improvement on these fractions : that possession was subsequently given of the whole tract, including the fractions, without reservation. To these allegations, the defendants, Barraque and wife, responded, admitting all the facts in the bill except those relating to the fractions not embraced in the deed. They positively deny that they ever did sell, or intend to sell, or convey, any other lands than those described in the deed, and that, if there was any misapprehension, it arose from no misrepresentation or fault of theirs. The defendant Barraque admits that he did go with the agent upon the land described in the deed as well as the fractions in dispute, and showed him the land, part of which was the fractions so omitted to be inserted in the deed, and represented them as being valuable; but denies that he told the agent that these fractions were part of the lands which he offered to sell. The answer also admits that possession was given of the premises, including the improvements on these fractions, which were held by the trustees for the plaintiffs without defendant’s having asserted his claim to them, but states that there were no houses on the fractions, and that he never intended to abandon his rightful claim to them, although he had not asserted it before. He admits that he may have given the statements of improvements on the land referred to, but insists that, if done, it was through inadvertency, and that he never intended to include them as part of the improved lands sold. In order to determine what amount of evidence is necessary to sustain the allegations in the bill, it becomes important to ascertain whether this answer is to be considered as a positive denial of the material allegations of the bill. For, whilst the general rule is that where the bill is sustained by a single witness, and the facts are clearly and positively denied by the answer, the court will not render a decree against the defendant without the evidence of an additional witness, or corroborating circumstances. (Dunham vs. Gates, 1 Hoff. Ch. R. 188. Hart vs. Ten Eyck, 2 John. Ch. 92. Hughes vs. Blake, 6 Wheat. 468. Pierson vs. Catlin, 5 Vermont Rep. 272. Clark vs. Van Deimsdyke, 9 Cranch, 160. 1 Greenl. Ev. 260.) Yet, in order to put the complainant to this strictness of proof, the answer, in the language of Greenleaf, “must be positively, clearly, and precisely responsive to the matter stated in the bill.” (1 Greenl. Ev. 260. Danl. Ch. Pl. & Pr. 984.) It must not only be positive, but it must be in answer to a fact which, from the nature of the transaction, is-within the knowledge of the defendant. (Combs vs. Boswell, 2 Dana, 474. Lawrence vs. Lawrence, 4 Bibb, 385. Watson et al. vs. Palmer et al., 5 Ark. Rep. 501. Mitchell vs. Maupin, 3 Mon. 187. Whittington vs. Roberts, 4 Mon. 179.) And the same rule applies when the answer is evasive, or so expressed as not to amount to a positive denial. (Watkins vs. Woodfin, 5 Munf. 183. 7 Mon. 293. Id. 383.) And it may tender circumstances to corroborate the plaintiff's proof so as to overcome its own denials. Pierson vs. Catlin, 3 Ver. R. 272. Maury vs. Lewis, 10 Yerg. 115. When these rules are applied to the answer of Barraque, it wall be seen that it is directly responsive as to the point relative to the sale or intention to sell the two fractions in dispute, but, in giving a circumstantial account of the transaction, to a very considerable extent, negatives the positive denial. The defendant admits that he did go with the agent upon the land conveyed by the deed, and also the fractions which constituted a part of the tract and on which were part of the improvements, for the purpose of showing it to him, that he might correspond with the complainants and induce them to purchase it. He admits that, in connexion with the other lands, he showed these fractions to the agent, and represented them as being of great value; but positively denies that he pointed them out to the agent as part of the tract which he wished to sell. Now, when we take into consideration the object and purpose of the parties in going upon the land, and their examination, and the general and unqualified declaration of the defendant in regard to the value of this land, — it being part and parcel of one farm, it is evident that the fact of his also going upon these fractions and representing them as being of great value, without expressly declaring that they were not embraced in the contemplated sale, amounted to an affirmative declaration that they were intended and designed to be conveyed with the other lands. They were part of the same tract, fractions upon which part of the improvements were situated, without buildings for a separate residence, not of sufficient quantity for a separate farm — could any reasonable man have supposed that they were designed to be reserved, or severed from the common tract? The object of the visit was to show the agent the farm and lands to be conveyed ; therefore the agent might well consider all the lands shown him in that connexion as part of the land offered. If not, why show these fractions to him ? Why represent them to him as being of great value ? These facts, when fairly considered, must be taken as strongly affirmative of the fact that they were represented as part of the lands offered to the agent. Indeed, unqualified by other circumstances, or an express reservation at the time, they were equivalent to an affirmative declaration that they were such: therefore, the defendant’s denial that he told the agent that they were part of the lands which he proposed selling, amounts to nothing, and we are not prepared to say that this answer is of that class -which requires the evidence of two witnesses, or one with concurrent circumstances, in order to warrant a decree. We will next briefly review the evidence. The material allegation, upon which relief is sought, is positively, in every respect, proven by one witness, who made the examination, and who took the deed. He exhibits, with his answer, the description of the several improvements on the lands sold, made out, by the defendant, Barraque, at the time the deed was made, and in vCdiich are the improvements on the fractions in dispute. It is proven, by another witness, that he was present when the deed was executed, and understood that the sale embraced the entire tract on that side of the river: that it was notorious that Bar-raque had sold all his lands on the north side of the river: that he afterwards heard Barraque say that the Mason place was the only place he owned, and that he had to take his family to it. The defendant, to rebut this evidence, proved that, the next morning, after the deed was made, witness heard agent and Barraque speaking of a reserve, but what it was he did not recollect: that Barraque, at the time the mortgage was executed, owned several tracts not embraced in it: that Barraque paid taxes on the fractions after the execution of the deed. This evidence, in our opinion, would be amply sufficient to justify a decree in favor of the complainants even upon the positive and unequivocal denial of the answer; but, when applied to the case as it is presented before us, there can be no question but that the circuit court should have rendered a decree on it independent of the answers of defendants Notribe, Hall, and Wait: and although that court did, in our opinion, err in declaring that the answers were competent evidence against defendant Barraque, in view of the circumstances and relative positions and interests which existed between them in this case, yet, inasmuch as that court had sufficient evidence upon which to found its decree, independent of the answers of the defendants, defendants Barraque and wife have no cause to complain: and were wc to open the cause here, under the statute, our decree would be but an affirmance of the decree of the circuit court. Therefore, let the decree be, in all things, affirmed, with costs.