## THE NATIONAL BANK OF FAIRHAVEN, RESPONDENT, v. THE PHŒNIX WAREHOUSING COMPANY, APPELLANT.

*Estoppel — when party estopped from denying incorporation of bank — National bank located in another State — right to keep office for discount in this State — 1 R. S. (2d ed.), 708, §§ 6 and 7.*

Where, in an action upon a promissory note made by the defendant, it appears that he has been in the habit of dealing with the plaintiff as a corporation, and did so deal with it in respect to the note in suit, he is estopped from denying the fact of its incorporation.

A national bank, organized and doing business in another State, is prohibited, by 1 Revised Statutes (2d ed.), 708, sections 6 and 7, from keeping an office of discount or deposit in this State, and cannot maintain an action upon any note discounted by it at such office.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon six promissory notes made by the defendant to the order of The Architectural Iron Works, and by it indorsed to the plaintiff.

The referee found that the plaintiff was a bank duly incorporated under the laws of the United States, doing banking business in the State of Massachusetts; that the defendant was a corporation; that six notes were made by the defendant to the Architectural Iron Works, and, before maturity, were duly indorsed to the plaintiff; that said notes were due and unpaid.

*F. E. Dana,* for the appellant.

*John Winslow,* for the respondent.

DAVIS, P. J. :

The plaintiff sufficiently proved its incorporation under the general banking laws of 'the United States by the production of the certificate of the comptroller of the currency. The point that a copy and not the original certificate was produced, was distinctly waived, and cannot now be urged. Besides, it appeared by the evidence in the case, that the defendant was accustomed to deal with the plaintiff as a corporation, and did so deal in respect of the notes in suit. The defendant was thereby estopped from denying the incorporation of the plaintiff. (*Palmer* v. *Lawrence*, 3 Sandf., 161; *Steam Nav. Co.* v. *Weed*, 17 Barb., 378; *White* v. *Coventry*, 29 id., 305; *Sands* v. *Hill*, 42 id., 651; *White* v. *Ross*, 15 Abb. Pr., 66.) There was sufficient evidence to show the making of the notes by the defendant. Its incorporation was admitted by the answer. The signatures of the president and secretary to the notes in suit were proven. That was enough to show, *prima facie* at least, that the notes were properly made on behalf of the corporation, and to devolve the burthen on the defendant to show that they were made without authority and outside of the business of the corporation. No attempt was made to do this.

The offer of the defendant to show failure of consideration of the notes, in whole or in part, was properly rejected; it was not accompanied with any offer to show that plaintiff was not a holder of the paper in good faith and for value in due course of business; and it already appeared that its notes had been discounted or taken in renewal of discounted paper, in due course of business. It was of no importance that, after the non-payment of the notes at maturity, the plaintiff had received collateral security from the indorsers of the notes. That fact could not affect the plaintiff's right to enforce the notes still held by it as the principal indebtedness. There is nothing in the point that the referee allowed interest on the notes. The law awards interest, and the court or a referee may compute it without any other proof than what appears on the face of the notes.

This disposes of all the points of the appellant but one, and that seems to us altogether more serious.

The plaintiff was a banking corporation, organized under the laws of the United States, doing business in the State of Massachusetts.

It was, therefore, a foreign corporation, and as such was subject to the restraining laws of this State whenever it attempted to do banking business within this State.

The defendant offered to show, " that at the time of the discount of the original notes and of the discount of the notes in suit, plaintiff had an office in the city of New York for banking purposes, and that these notes were discounted at that office." The proof of the offered facts would *prima facie* show an illegal discounting of the paper in this State, in direct violation of the statute, which prohibits all corporations, not authorized by the laws of this State, from keeping an office in this State for the purpose of discount or deposit (1 R. S. [2d ed.], 708, §§ 6, 7), and would have devolved upon the plaintiff the necessity of showing that it was authorized by law to keep such office and discount the notes in this State.

The authorities settle that there can be no recovery in the courts of this State upon paper thus discounted by a corporation acting in violation of our statutes. (*De Groot* v. *Van Duzer*, 20 Wend., 390 ; *New Hope Delaware Bridge Co.* v. *The Poughkeepsie Silk Co.*, 25 Wend., 648 ; 1 R. S. [2d ed.], 708, §§ 6, 7.) Section 2 of article 1, title 4, chapter 8, part 3 of the Revised Statutes (2 R. S., 458), provides that where by the laws of this State any act is forbidden to be done by any corporation of this State, without express authority of law, and such act is done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or entered into in consideration of such act. The provisions of these statutes are still in force, and we see no reason why they are not as applicable to the national banks located and doing business in other States, as to any other class of foreign corporations. It is no answer to say that the evidence already given by the plaintiff showed that such offer was not founded in fact. The defendant was not estopped by that evidence from showing the fact to be otherwise, and in accordance with the assertion of its offer. It seems highly probable that it would have failed in the attempt ; but that is no legal reason for denying the right to give evidence, tending to prove the offered facts, for the consideration of the referee.

The exception to the refusal to permit proof under the offer was

well taken; and for this error the judgment must be reversed and a new trial granted, costs to abide the event.

Daniels and Brady, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.