THIS case came up on demurrer and was heard before Comegys, C. J., and Houston, J., Wooten, J., absent. The action and declaration were in assumpsit on a number of due bills and promissory notes, the fourth plea to which was that the plaintiff being a foreign corporation existing under the Law of another State with power to administer the estates of deceased persons, such power is repugnant to the policy and prejudicial to the interests of this State and of its citizens, and the suit against this defendant, being in that character, cannot be maintained, and this the defendant is ready to verify, etc. The replication to this was that the plaintiff is a corporation duly incorporated and organized under the acts and laws of the General Assembly of the State of Pennsylvania, and by said acts and laws is authorized to accept and execute the office or appointment of executor or administrator or trustee, and to accept and execute all such trusts of every description not inconsistent with the laws of the State of Pennsylvania as may be committed to it by any person or persons whatsoever, or by any corporation or register of wills or by any court of record, whether of the State of Pennsylvania or any other State or of the United States, and that the plaintiff hath been duly appointed and qualified as administrator as aforesaid of the said Theophilus T. Deringer, deceased, by the register of wills of the city and county of Philadelphia in the State of Pennsylvania, and by virtue of said power, office, and appointment is entitled to maintain this action against the said defendant, etc. To this replication the defendant demurs and saith that the said replication and the matters therein contained in manner and form as the same are above pleaded and set forth are not sufficient in law for the said plaintiff to have and maintain its aforesaid action thereof against him, the said defendant, and that the said defendant is not by the law of the land bound to answer the same, and this, etc., wherefore for want of a sufficient replication in this behalf he prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against him, etc. And the defendant, according to the form of statute, etc., shows, etc., the following causes of demurrer in law to the said replication, for that it attempts to put in issue *Page 165 
to be tried by the country mere inference and matter of law, viz.: whether the plaintiff is entitled to maintain the action in the courts of this State by virtue of his official character and under the power derived from the same and the appointment of administrator as alleged and set forth therein as aforesaid, etc.
G. B. Rodney, for the defendant: The party plaintiff in the action is an artificial being and a foreign corporation, and although invested with power by the laws of the State which created it to sue in the extraordinary character and capacity of an administrator in that State, it had no power under those laws to sue in such a capacity in the courts of this State, for they can have no force, operation, or effect as laws beyond the limits of the State which enacted them except such as may be practically accorded them by the courtesy or comity of other States; and there is no practice or custom in this State to sanction or tolerate it, for this is the first time a suit has ever been brought in the courts of this State by a corporation as an administrator either foreign or domestic, and under the laws of this State as they now exist no corporation can be made or appointed an administrator. We have no statute to authorize it, and in the absence of any statute the common law alike of this State and of England will not tolerate it. A corporation aggregate by the common law cannot be an administrator. 1Black. Com. 476; 1 Wins. on Exrs. 199; Toller onExrs. 30. An administrator is a trustee and a corporation cannot execute a trust in which it has no interest, or which is repugnant to or inconsistent with the powers conferred upon it or the purposes for which it was created. Ang. Ames on Corp., sec. 168; Perryon Trusts, secs. 42, 43; 1 Paige 213. A corporation has no existence or power beyond the limits of the State which creates it except such as the comity of other States may accord to it. Story onConfl. of Law. secs. 23, 28, 29, 38; 13 Pet. 519; 25Wend. 648. And no State can by comity merely accord to any corporation created by another State a power which cannot be exercised by one of its own creation within its own limits.
Higgins (Spruance with him) admitted the general doctrine on the subject as stated by the counsel on the other side, that a corporation *Page 166 
aggregate cannot be an administrator at common law. But the question is whether, as in this case, where administration is committed to an artificial or corporate body expressly created for the purpose, among other things, of administering on the estate;; of deceased persons in due form under the laws of the State where the decedent had his domicile at the time of his death, will be admitted to sue as such here under the usual comity which has been uniformly extended to other foreign administrators and corporations by the courts of this State? There can certainly be no good reason to the contrary.
In granting ancillary letters of administration the practice in the court of probate in England is when the deceased is domiciled in a foreign country to grant administration to the same person to whom it has been granted by the proper court in the foreign country even if he should not be the party entitled to the administration by the law of England, and in a recent case which had its origin in this State and county, that of Eleanora Sarah Hill, late of Walnut Cottage, New Castle County, State of Delaware, America, spinster, who died in the year 1864, leaving a will dated the 24th of October, 1857, in which she nominated her father, Thomas Fennimore Hill, her sole residuary legatee and executor. He proved the will in America on the 28th of September, 1864, and died there on the 8th of December, 1869. By his will, dated the 31st of July, 1865, he appointed his daughter, Maria Frances Anderson, William McCouch, and Horatio Gates, all domiciled in America, executors, who have proved the testator's will there. Since his death letters of administration with the will annexed on the unadministered estate of Eleanora Sarah Hill have been granted at the request of the executors of Thomas Fennimore Hill to the Reverend George W. Anderson, the husband of Maria Frances Anderson. Some property in England being now divisible by reason of the death of Thomas Fennimore Hill among his daughters, a representation to the estate of Miss Hill in this country is required. The executors have sent over to England a document signed by them in the presence of a British consul, stating that the grant has been made in America to the Reverend George W. Anderson at their special instance and *Page 167 
request, and expressing a desire that the grant in England should be made to him also.
And in that court there LORD PENZANCE said: "In this case I took time to consider the effect of certain documents which had been sent over from America. A grant of administration of the unadministered estate of the deceased had been made in that country, and the party who obtained it applies to this court for a grant to enable him to get possession of the assets of the deceased in England. I have before acted on the general principle that where the court of the country of the domicile of the deceased makes a grant to a party who then comes to this court and satisfies it that by the proper authority of his own country he has been authorized to administer the estate of the deceased, I ought without further consideration to grant power to that person to administer the English assets, In this case the property to be administered forms part of the estate of the deceased father, and according to the practice of this court a representation should first be taken to his estate. And it so happens that in this respect the law of America coincides with that of England. The question then arises whether it is necessary that I should order such a representation to be constituted. I think not. I think I ought to carry out the principle in its integrity; and where I find the proper court in America has given to an individual authority to administer the estate of a person who has died domiciled in America, I should acknowledge that fact as the basis of my proceeding and decree administration to the same person in this country." In the Goods of E. S. Hill, 2 LawReports, Courts of Probate, etc., 88.
With such an example before us and such a precedent in England, should even this Pennsylvania administrator, duly appointed according to law in the State in which the deceased had his domicile when he died, apply for ancillary letters of administration in this State and county on his estate could they be refused? And if not, why refuse to permit them to sue without doing that?
 Rodney replied. *Page 168 
 The Court was not satisfied that such a novel grant of administration wholly by virtue of recent statutes enacted in another State, was in accordance with all the requirements essential to constitute a legal and valid administration in this State under the laws of it, and gave judgment for the defendant on the demurrer.