(Decided 21st December, 1876.)

THE PHILADELPHIA TRUST, SAFE DEPOSIT AND INSURANCE COMPANY *vs.* WALTER SCOTT, and STEPHEN BARTON, Sheriff.

### *Injunction—Practice in Equity.*

The answer to a bill for an injunction stated, that the respondent "*does not believe and denies*" the material averment of the bill. The cause was heard upon bill and answer. HELD :

1st. That this statement was responsive to and an express denial of the averment in the bill.

2nd. That even if it were construed as a denial on *information* and belief, it was sufficient to put the complainant to the proof of the fact thus denied.

3rd. That the complainant having failed to support the averment in the bill by proof, the injunction should be dissolved.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ROBINSON, J.

*George H. Chandler* and *Henry W. Archer,* for the appellant.

*Fielder C. Slingluff* and *Richard J. Gittings,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

On the 2nd of October, 1872, the Maryland and Pennsylvania Railroad Company issued bonds for the purpose of raising money to construct its road; and, at the same time, the company conveyed to the appellant, a corporation chartered by the State of Pennsylvania, all its property and franchises, *in trust,* to secure the holders of said bonds. At the time of the execution of 'this conveyance, it does not appear that anything had been expended by said company, either in the construction or equipment of its road.

Subsequently, in pursuance of an Act of the Legislature, the Maryland and Pennsylvania Company transferred its property and franchises to the Baltimore, Philadelphia and New York Railroad Company, and this latter company became indebted to Walter Scott, one of the appellees, for labor, services and materials furnished in the construction of its road. Upon this indebtedness, judgment was recovered, and the appellant now seeks to restrain the judgment creditor and the sheriff from selling the property and franchises of the new company, upon the ground, that the Maryland and Pennsylvania Company had conveyed its property and franchises to the appellant, *in trust, to secure the payment of bonds issued by said* company,—that these bonds were outstanding in the hands of *bona fide purchasers,*—and that, by the terms of the purchase, under which it had acquired the franchises of the old company, the Baltimore, Philadelphia and New York Company assumed and became liable for the payment of said bonds.

The case was heard upon bill and answer, and this appeal comes to us from an order of the Court below, dissolving the injunction.

It was admitted in argument, that when a case is heard upon bill and answer, if the answer denies the equity of the bill, the injunction, as a general rule, must be dissolved. The inquiry then is, does the answer in this case deny the equity relied on in the bill? Now, the claim to the relief prayed, depends entirely upon the averment that the Maryland and Pennsylvania Company had issued certain bonds, to secure the payment of which the said company had conveyed its property and franchises to the complainant as trustee, and that these bonds were outstanding in the hands of *bona fide* purchasers.

In reply to this the respondent says:

"That he does not believe, and denies that any bonds of the said Railroad Company were ever issued by said company to *bona fide* holders, or *bona fide* purchasers."

This, it is contended, is a mere expression of belief on the part of the respondent, and not such an answer as makes it incumbent on the part of the complainant to support the averments in the bill by proof. But we do not so understand the answer. On the contrary, in addition to the expression of belief on the part of the respondent, he *expressly denies that any such bonds had been issued to bona fide holders or purchasers.* This is responsive to, and an express denial of, the averment in the bill, on which the equity of the complainant rests.

But even if it be construed as a denial on *information* and belief, it was sufficient to put the complainant to the proof of the facts thus denied. The cases relied on by the appellant go to this extent and no further, that where the answer does not state facts positively, or does state them inferentially, or only according to the defendant's best knowledge and belief, the rule requiring two witnesses, or one witness, with corroborating circumstances, to counteract its effect, does not apply. But they all agree in holding that the effect of such an answer, is to put the plaintiff to the necessity of proving the facts alleged in the bill. *Drury*

*vs. Conner,* 6 *H. & J.,* 289 ; *Waters vs. Creagh,* 4 *Stew. & P.,* 410 ; *Hughes vs. Garner,* 2 *Y. & C.,* 127 ; *Knicker-backer vs. Harris,* 1 *Paige,* 209. Such being the effect of the answer in this case, and the complainant having failed to support the averments in the bill by proof, the order of the Court below dissolving the injunction will be affirmed.

In reply to the argument of the appellant, that cases may occur in which a Court of equity, in the exercise of its discretion, and to promote the ends of justice, will continue an injunction although the answer may deny the equities of the bill, it is sufficient to say, we find nothing in this case to warrant the extraordinary exercise of this power by the Court.

Entertaining these views, we deem it unnecessary to decide other questions which were discussed with so much ability by counsel on both sides.

*Order dissolving the injunction affirmed,*
*and bill dismissed.*

(Decided 21st December, 1876.)