THE HOME INSURANCE COMPANY *vs.* HOWELL.

1. This court having first obtained possession of a controversy, over which a federal court in another state, has also concurrent and co-ordinate jurisdiction, will retain it, in its discretion, until it has finally disposed of it, although the subject matter of the controversy be situated there.

2. Where a party is within the jurisdiction of this court, so that on a bill properly filed here, this court has jurisdiction of his person, although the subject matter of the suit may be situated elsewhere, it may, by

the ordinary process of injunction and attachment for contempt, compel him to desist from commencing a suit at law, either in this or a foreign state, and of course from prosecuting one commenced after the bringing of the suit in this court.

3. Rule 99, of this court, providing, that if a suit be not prosecuted for one year, the bill may be dismissed, can only be taken advantage of by application to the court, while as yet the cause sleeps, or at least before the defendant has taken steps in the cause which are tantamount to a waiver of the benefit of the rule.

On the 3d day of August, 1870, the complainants filed their bill in this court against the defendant, for relief against two policies of insurance against loss or damage by fire, together amounting to $5000, which they alleged he had fraudulently obtained from them upon his property in Illinois. The bill prays that the policies may be delivered up and canceled, or declared invalid, and that the defendant may be perpetually enjoined from bringing any suit at law or in equity upon them, or making use of them in any way, for the purpose of establishing any debt or damage, or otherwise, against the complainants. On the filing of the bill, subpœna to answer was issued, returnable on the 15th day of September, 1870. This was returned duly served by the sheriff of Middlesex. The defendant, in propria persona, filed his answer December 17th, 1870, over a month after the time limited by law had expired. Replication was filed April 14th, 1871. July 10th, 1873, witnesses were examined in the cause on behalf of the complainants, in Chicago, pursuant to notice given to the defendant, the 20th day of June, preceding. The defendant appeared before the commissioner and cross-examined the witnesses. The depositions were filed in this court August 6th, 1873. The complainants being unable to serve notice of hearing on the defendant, caused such notice to be posted in the office of the clerk of this court, and set down the cause at this term. At the time of filing his answer, the defendant claimed, as he has ever since, to be a citizen of Illinois. He authorized no solicitor to appear for him in the cause. September 29th,

1873, the complainants filed their petition in this suit, for an injunction to restrain the defendant from prosecuting, in the Circuit Court of the United States for the Northern District of Illinois, a suit at law he had commenced against them on the policies, and which was at issue, and which he threatened to bring to trial at the term of October then next. An injunction was issued pursuant to the prayer of the petition. The defendant moves to dissolve the injunction and dismiss the bill.

*Mr. A. I. Smith* and *Mr. I. W. Scudder*, for the motions.

*Mr. Williamson*, contra.

THE CHANCELLOR.

The motions are based mainly on the following grounds : That the complainants have a complete remedy in the suit at law, in the court in which that suit is pending ; and that, if their remedy at law there is not complete, they may have any relief to which they may be entitled, by recourse to the equity side of that court ; and that they have, by their laches in the prosecution of this suit, forfeited any claim they might otherwise have to the consideration of this court, and its interposition, in their behalf, as against the suit at law. That suit was brought in a state court of Illinois, and on the petition of the complainants, removed into the federal court. It is insisted that the complainants have acquiesced in it by the proceedings for removal, and an agreement on their part, in regard to that litigation. The agreement was, that a suit of the same character, in the same court, against another insurance company, should be a test case, and determine the suit brought against the complainants.

The subpœna to answer, in this cause, was served on the defendant in Middlesex, where, the complainants insist, the defendant then resided.

The defendant raised no question of jurisdiction, but answered the bill, and thereby submitted himself to the jurisdiction of this court.

This court having the power to hear and determine the subject matter in controversy, and having first obtained possession of the controversy, is fully at liberty to retain it until it shall have disposed of it. The general rule is, that as between courts of concurrent and co-ordinate jurisdiction, (and the Circuit Court of the United States and the state courts are such in certain controversies—such as that involved in this suit, for example—between citizens of different states,) the court that first obtains possession of the controversy must be allowed to dispose of it, without interference from the co-ordinate court. *Riggs* v. *Johnson County*, 6 *Wall.* 166, 196. In *Peck* v. *Jenness*, 7 *How.* 624, in which it was held, that over a suit pending in a Court of Common Pleas of New Hampshire, the District Court of the United States, sitting in bankruptcy, could exercise no control, either directly or indirectly, by enjoining the plaintiff, the court said: " It is a doctrine of law too long established to require a citation of authorities, that where a court has jurisdiction it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but in necessity. For, if the one may enjoin, the other may retort by injunction, and thus the parties be without remedy, being liable for a process for contempt in one, if they dare to proceed in the other." See also *Akerly* v. *Vilas*, 15 *Wis.* 401.

Nor does it matter that the policies of insurance were issued in another state, upon property in that state, and that the loss occurred there. Where a party is within the jurisdiction of this court, so that on a bill properly filed here, this court has jurisdiction of his person, although the subject matter of the suit may be situated elsewhere, it may, by the ordinary process of injunction and attachment for contempt,

compel him to desist from commencing a suit at law, either in this state or any foreign jurisdiction, and of course from prosecuting one commenced after the bringing of the suit in this court. *Mead* v. *Merritt*, 2 *Paige* 402. The defendant's suit at law was manifestly commenced after the filing of the bill in this cause. The petition so alleges, and the defendant, in his affidavit, made for use on this motion and read accordingly, does not deny it.

The bill prayed an injunction to restrain the defendant from bringing suit at law against the complainants on the policies, although no injunction was applied for on the filing of the bill. If bringing the suit at law was not a contempt of this court, under the circumstances, it surely was a proceeding which this court will discountenance. Neither in their application for the removal of the suit at law into the federal court, nor in their alleged agreement that another suit at law against another company, should be regarded by the parties to the policies as a test suit, (an agreement evidently made merely to save expense,) is there evidence of consent on the part of the complainants to the withdrawal of the litigation from this court.

Have the complainants, by laches, forfeited their claim to the exercise of the power of the court invoked by them?

The defendant, having been served with subpœna to answer, and having failed to answer within the time limited by law for the purpose, was indebted to the curtesy of the complainants or their solicitor, or to the indulgence of this court for further time. He filed his answer in propria persona, and was, and ever since, at least up to this term, has been, entirely unrepresented by solicitor or counsel. He left the state, and as far as appears, did not even leave his address with the complainants or their solicitor. He seems to have given the suit no attention whatever, after filing his answer, except when notified of the examination of witnesses. Though the replication was not filed until four months after his answer, and though the cause slept from thence up to June, 1873, he neither made application for a dismissal of

the bill, or for any order to speed the cause.   He responded, in July last, to the notice of examination, by appearing and cross-examining the witnesses.   The cause was set down for hearing at this, the next term after the return of the depositions.   It appears, that at the beginning of this term the complainants' counsel, at the request of one of the solicitors who now appear for defendant, consented to postpone the hearing and give the defendant time to take depositions on the merits, on condition that the solicitor referred to would appear for the defendant.

The defendant's counsel insist that by the ninety-ninth rule of this court, which provides that if a suit be suffered to lie without prosecution for one year, it shall be considered as abandoned and the bill may be dismissed, this suit is to be regarded as at an end.   But the rule referred to obviously can have no such construction or application.   To have the advantage of that rule the defendant must apply to the court for it while as yet the cause sleeps, or at least before he has precluded himself by a waiver, actual or presumed, from the benefit of it.

The seeming laches in this suit appear to be attributable quite as much to the defendant as to the complainants.

The motions are denied, with costs.