### SIMON *vs.* TOWNSEND and others.

1. A defendant to an action at law, who, by pleading therein, has submitted himself to the jurisdiction of the common law tribunal, does not thereby forfeit his claim to relief in equity.

2. Though the equities of the bill be all denied, the court will, in its discretion, hold the injunction till the hearing.

Bill for relief. Motion to dissolve injunction on bill and answer.

*Mr. J. C. Paulison,* for motion.

*Mr. J. W. Griggs, contra.*

THE CHANCELLOR.

The defendant moves to dissolve the injunction, on the ground that all the material allegations of the bill are denied in the answers, and that the complainant, in view of his delay in applying to this court for relief, has forfeited all claim to

Simon *v.* Townsend.

the continuance of the injunction. As a further ground, it is urged that the complainant having, before he came here, submitted himself to the jurisdiction of a common law tribunal in respect to the subject of this action, should be compelled to abide the result of the litigation there. The complainant, on the 16th of March, 1872, purchased, at the price of $4200, certain land and premises, at a sale by the sheriff of Passaic county, under an execution issued out of this court for the sale of mortgaged premises in foreclosure proceedings. At the sale, the complainant paid the sheriff $100 on account of his bid. By the conditions of sale, the deed was to be delivered on the 31st of the same month of March. On the 29th of that month the complainant gave the sheriff written notice not to prepare any deed of the property for him, and that he did not intend to receive any deed for it, and that he would require the sheriff to re-pay the $100 to him. The reason of this determination not to complete the purchase was, as the bill alleges, the fact that the mortgagors, (two persons of the name of Spickers,) in the foreclosure, representing themselves to be the owners of the property, and that it would be sold clear of all encumbrance, had urged and besought the complainant to buy the property for them, they agreeing with him, that if he would do so, they would take it off his hands at an advance of $500 in four months, when they would have extricated themselves from their financial embarrassments. After the sale, he discovered that the sale was in fact subject to the first mortgage, (for $1750 and interest,) on the property, on which there was, at the time of the sale, due more than $1400. No deed was tendered to the complainant by the sheriff, but the latter proceeded to re-sell the property under the execution, and on the 13th of July, 1872, sold and conveyed it accordingly to James Van Blarcom for $2100. In September, 1874, (according to the pleadings in this suit,) nearly two years and a half after the sale to the complainant, the sheriff began suit in the Supreme Court against the former to recover, under the conditions of sale, the amount of the deficiency between the price at which the property was struck

off to him and that at which it was purchased by Van Blarcom. The complainant pleaded in that action, and on the trial the plaintiff was non-suited. The non-suit was subsequently, at the term of November, 1875, of the Supreme Court, set aside, and a new trial ordered. The complainant on the 17th of April, 1876, before the time fixed for the new trial, filed his bill in this cause praying to be relieved of his bid, and for an injunction against the suit at law. He did not, by pleading in that action, forfeit his claim to relief here. He appears to have been advised that an action at law in the premises would not lie against him, and the judge so held on the trial. The Supreme Court, however, held otherwise. The grounds on which he seeks relief here would not be available to him as a defence at law. Nor has he forfeited his claim to relief, by laches. As soon as he discovered the falsity of the representation made to him by the Spickers, and in a few days after the sale, he notified the sheriff in writing, of his determination not to take the property. Instead of taking measures to compel him to complete his purchase, the sheriff re-advertised the property, and re-sold it. Nor did he, or any one else interested in the execution, as far as appears, even intimate to the complainant an intention to hold him upon the bid, in any way. Nearly two years and a half elapsed without any demonstration against him. Ackerman, who was the holder of the second mortgage, and as such, the complainant in the foreclosure suit, was present at the first sale. The bid at which the property was struck off at the second sale was not enough to satisfy the amount due him on the decree, but after applying the proceeds of that sale there remained more than $1200 due him. Neither he nor any other of the persons holding encumbrances subsequent to his, took any steps, until the suit at law was brought in 1874, to compel the complainant to complete his purchase, and yet, had he completed his purchase, the amount realized by the sale would have paid off Ackerman's claim in full, and left a surplus. The defendants give no reason for the delay in seeking to hold the complainant to his bid. Indeed, it appears by

the answer of Ackerman, that after the sale to Van Blarcom he took a mortgage from the Spickers to secure the payment of the amount of a judgment he had recovered against them on their bond, for the mortgage debt. Although those of the allegations of the bill on which the claim to relief must depend, are denied, yet the case is one in which it is the duty of the court to hold the injunction until the hearing. If the injunction be dissolved the complainant will be wholly remediless.