The complainants filed their bill in the above-entitled cause, setting forth the probate of the will of Amelia Tierney and the grant of letters testamentary thereon to Arthur O'Toole. The bill alleges that Amelia Tierney died seized of the premises 143 Manhattan avenue, Jersey City, and that O'Toole, as executor, has assumed the management and control thereof and claims the right to sell the same, and that he denies the complainants' claim to such management and control. The bill further alleges that said premises were devised by the will to complainants and that under the terms of the will they are entitled to the possession thereof, and the prayer is that O'Toole account for the rent collected, and be enjoined from assuming control and management over the premises and from interfering with complainants' management and control. *Page 450 
O'Toole answered the bill asserting his right as executor and denying the complainants' claim to management and control and by counter-claim he set up the provisions of the will relating to said real estate and alleged that a question had arisen on the construction of the will, whether the complainants take the real estate thereunder or whether the real estate goes to O'Toole as trustee, or whether the title descend to the heirs-at-law of Amelia Tierney, subject to be divested by sale thereof by O'Toole as executor. The answer and counter-claim allege that certain other persons, namely, Clara Tullio and Ida Soper, as heirs-at-law of Amelia Tierney, may have an interest in the real estate in question and the counter-claim prays that they and the complainants may answer the counter-claim and that this court will construe the will and declare the rights of the parties. The complainants did not answer the counter-claim within time but took an order extending their time to answer, and within a few days after the date of that order they instituted a suit in ejectment in the New Jersey Supreme Court against O'Toole as executor, wherein they claimed the right to possession of said premises 143 Manhattan avenue under the terms of the will of Amelia Tierney and alleged that O'Toole, as such executor, wrongfully deprives them of such possession. O'Toole answered the complaint in ejectment, denying the complainants' claim and alleging that the complainants (plaintiffs in ejectment) had previously filed their bill in this court and that this court had assumed jurisdiction of all the matters set up in the ejectment complaint. On motion of the plaintiffs in ejectment (complainants here) O'Toole's answer was stricken out.
While the ejectment suit was pending and before the answer was stricken out, the complainants herein filed a replication to O'Toole's answer in this cause and an answer to the counter-claim, denying that Clara Tullio and Ida Soper have any interest in said real estate and denying that any question has arisen on the construction of the will. Clara Tullio and Ida Soper also filed an answer to the counter-claim, denying the claim set up in the complainants' bill herein and asserting *Page 451 
that they (Tullio and Soper) have a vested interest in the property.
Immediately after the order striking out his answer was entered in the ejectment suit, O'Toole filed his petition in this cause, setting out the above facts and praying that the complainants herein be enjoined from further prosecuting any action or proceeding calculated to result in ejecting him from the premises in question, until the further order of this court.
The complainants came into this court by filing a bill which presented their controversy with O'Toole and they prayed this court's decree thereon. The defendant, O'Toole, answered the bill and by counter-claim prayed for construction of the will which is the basis of complainants' claim, and he brought in other parties who claim an interest adverse to the complainants. All parties to the controversy are before this court and the question presented by the pleadings is: Who, under the terms of the will of Amelia Tierney, is entitled to the possession of the premises in question? This court had and has full power to hear and determine the subject-matter thus in controversy and to settle the rights of the parties before it. The ejectment suit instituted by the complainants presented the same question then before this court on bill, answer and counter-claim, and there was and is before this court the additional question whether Clara Tullio and Ida Soper are entitled to any interest in said lands, which additional question was not before the law court because Tullio and Soper were not parties to the ejectment suit.
This court having been first requested by the complainants to take cognizance of the controversy and having first obtained jurisdiction by the filing of complainants' bill, the complainants had no right to institute a proceeding presenting practically the same cause of action to another court, and they may be compelled to desist from further prosecuting their ejectment suit, either by a restraining order or by attachment for contempt of this court. Home Insurance Co. v. Howell,24 N.J. Eq. 238; Force v. City of Elizabeth, 27 N.J. Eq. 408; NewJersey Zinc Co. v. Franklin Iron Co., 29 *Page 452 N.J. Eq. 422; Sweeney v. Williams, 36 N.J. Eq. 627; Bigelow
v. Old Dominion Copper Co., 74 N.J. Eq. 457, 473; Von Bernuth
v. Von Bernuth, 76 N.J. Eq. 177; Grover v. Woodward, 91 N.J. Eq. 250.
The defendant (O'Toole), by pleading in the ejectment suit, did not forfeit his right to relief here. Simon v.Townsend, 27 N.J. Eq. 302.
The defendant, by his petition herein, having prayed that complainants be restrained, such restraint will be granted.