Vanderveer *v.* Holcomb et al.

NOVEMBER TERM, 1866.

HENRY VANDERVEER, appellant, and CHARLES P. HOLCOMB and others, respondents.

1. In a court of equity, a decree may be made determining the rights of co-defendants in a controversy between themselves, in which the complainant has no interest; and *semble*, the party aggrieved, may appeal from such decree.

2. If, in a suit to foreclose a mortgage, the owner of the equity of redemption and a subsequent mortgagee are both defendants, and both answer, (the subsequent mortgagee setting up his mortgage, and asking that the amount due on it shall be paid,) and the owner admits the existence of the mortgage, but sets up that it is void for usury, the second mortgagee will be considered, as between him and the owner, the actor, and the owner will be permitted to set up and prove the usury, without offering to pay the amount advanced.

3. Where the cause is as it is here, and brought to hearing upon the evidence, the answer of the owner would not be evidence of the usury as against his co-defendant, the second mortgagee. The responsive allegations of an answer are evidence against the complainant, but never against a co-defendant.

4. Where a final hearing is had upon bill and answer only, by statute the answers must be taken as true, and where there is no contradiction, the allegations of the answer that sets up usury, must be taken as true. In such case, the remedy of the defendant, holding the mortgage alleged to be usurious, is by filing a cross-bill, or perhaps, by applying to the court for leave to take evidence on this point.

Vanderveer v. Holcomb et al.

This was an appeal from an order of the late Chancellor, made upon the hearing, upon bill and answers.    The opinion is reported *ante, p.* 87.

*Mr. Ransom,* for appellant.

*Mr. Richey,* for respondents.

The opinion of the court was delivered by

ZABRISKIE, C.   Henry Vanderveer, the complainant below, filed his bill to foreclose a first mortgage on lands in Somerset; the validity of his mortgage and the amount due on it were not disputed by any of the defendants.    He made defendants, Holcomb, the owner of the equity of redemption, and another, Henry Vanderveer, the appellant here, who held a third mortgage, together with the person holding the second mortgage, and other mortgagees and judgment creditors, subsequent to the third mortgage.

Holcomb filed an answer, admitting the complainant's mortgage, but denying the validity of the third mortgage, and setting up usury as a defence to it, and stating that he prayed no relief against it, or the defendant, Henry Vanderveer, in this suit, but only that no decree should be made against him, or the mortgaged premises, for the payment of it. More than fifty days after this answer, the defendant, Vanderveer, filed his answer, in which he set up the existence of his mortgage, but did not contradict, or in any wise notice the facts set up in the answer of Holcomb as constituting the usury, and prayed " that a decree may be made by the court, for a sale of the lands and premises in the foregoing mortgage mentioned, and set forth in the complainant's bill, and out of the moneys therefrom arising, that this defendant may be paid the full amount of principal and interest moneys so due to him as aforesaid."

No other defendant appeared or answered.    The answer of Holcomb charged that the defendant, Vanderveer, had filed a bill in that court to foreclose his own mortgage, and upon

Holcomb's filing an answer setting up usury, had dismissed his own bill; and then by collusion, had procured the complainant to get an assignment of a mortgage which had been originally given to Cornelius Vanderveer, and to commence this suit on it, with the design of preventing Holcomb from setting up the usury by way of defence.

The complainant excepted to the allegations in Holcomb's answer, setting up the collusion and usury, as impertinent and scandalous. The Chancellor overruled the exceptions, and held that the allegation of collusion was not scandalous or impertinent; and that the allegation of usury was not impertinent, on the ground that one defendant has the right, in a bill of this nature, to contest the mortgage of another defendant, and that the Court of Chancery will and must, on the final hearing of the cause, decide the controversy between the co-defendants as to the subject matter of the suit; and that the defendant, Holcomb, in this case, had the right to set up the usury as against the defendant, Vanderveer, without offering to pay the amount advanced on the mortgage to him. That he was simply in the position of a defendant resisting a claim, and not of a suitor asking the exercise of the equitable power and jurisdiction of this court in his favor.

From this order overruling the exceptions no appeal was taken. It was made and filed November 14th, 1864, and no appeal can now be taken.

On the 27th of March, 1865, the cause was brought on for hearing, upon the bill and answers, and a decree was made adjudging that the complainant was entitled to the relief prayed for by his bill, and ordering a reference to a master, to take an account of what was due on the several incumbrances of the complainant and defendants, but not including among them the third mortgage held by the defendant, Henry Vanderveer. It does not mention that mortgage, nor adjudicate anything concerning it.

The appeal in this case is from that order, on the ground that it does not include that mortgage, and thereby effectually excludes the defendant, Vanderveer, from any share of the

proceeds of the sale of the mortgaged premises. Such may not be the effect of that order, but as it was no doubt the intention of it, and as it is upon that assumption that the argument before this court was had, it is proper that we should so consider of it.

Had this decree expressly adjudged, that the third mortgage was not a valid lien on the mortgaged premises, and that no part of the proceeds of the sale should be appropriated to the payment of it, the question would have been before the court. I shall consider the cause from that position.

In a court of equity, a decree may be made determining the rights of co-defendants in a controversy between themselves in which the complainant has no interest, when the question is brought before the court by the pleadings and proofs. *Shannon* v. *Marselis, Saxt.* 413; *Ames* v. *Franklinite Co.*, 1 *Beas.* 66; *Harris* v. *Ingledew*, 4 *P. W.* 98; *Chamley* v. *Ld. Dunsany*, 2 *Sch. & Lef.* 710; *Conry* v. *Caulfield*, 2 *Ball & Beatty* 255; *Elliott* v. *Pell*, 1 *Paige* 263.

Such is constant practice in the Court of Chancery in this state, and this court, in *Hudnit & Slater* v. *Nash*, 1 *C. E. Green*, 550, assumed and proceeded upon that principle, and the decision of the Chancellor on the exceptions, which must stand as the law in that court in this case, is upon that very point. The allegations of usury were impertinent, unless the question raised by them could be determined in this cause.

This leaves us to consider whether the controversy was rightly determined. There are two questions: one, whether in the position in which the parties were before the court, the mortgage could be declared void for usury, unless Holcomb offered to pay the amount advanced; the other, whether there was any thing before the court, from which the fact that the contract was usurious could be adjudged.

It is a settled rule in equity, that a party who comes into court for equitable relief must do equity; and when the relief sought, is to set aside any instrument on account of usury, that he must offer to pay the amount really advanced on the

security which he seeks to avoid. But this rule is only applied to a party who seeks relief from the usurious obligation; it only operates when he applies for the aid of the court. For it is as well settled, that when usury is set up as a defence in equity, it will be enforced in the same manner as at law, and no obstacles will be interposed to the defence; though the court will grant no favor or indulgence, in setting it up, either in pleading it, or proving it.

If Holcomb had filed a bill, or a cross-bill, in this cause, asking to have the mortgage declared void or cancelled, he must have offered to pay. But if Vanderveer had filed a bill to foreclose, Holcomb, if he could prove the usury, could defeat the recovery of any part of the amount, as certainly in equity as he could at law. There has been an effort made by Vanderveer to put himself in the position to require Holcomb to tender the amount advanced, before he could avail himself of the defence. Perhaps we should not consider him unfavorably on that account. The rule in equity was adopted originally, to evade a provision of the statute, and Vanderveer was simply trying to evade that rule, made for the purpose of evading the usury act, he holding as the courts did, that although the forfeiture, as a penalty to enforce the law, might be expedient and right, yet the exaction of it by a debtor to avoid his just debt was unconscientious.

Had Vanderveer's mortgage been the first, he could have availed himself of the rule; he could have passively held his mortgage, until Holcomb's situation compelled him to ask relief in a court of equity, and then he would have received his money.

But he took a mortgage upon an equity of redemption. The first mortgage could at any time foreclose, and then he would be compelled to bring forward his mortgage, and set up his claim under it and prove it. This would compel him to be the actor. The form of his answer expressly places him in that position; he prays that the property may be sold, and he be paid. But aside from this, his position in the cause is

that of a mortgagee producing his mortgage to the court, and asking it to be paid out of the mortgaged premises.

Holcomb's position throughout, on the contrary, is that of a defendant. The complainant, to foreclose his own mortgage effectually, must make Vanderveer a defendant; and to do so, must in some terms set out this mortgage held by him, as an incumbrance or seeming incumbrance on the premises.

This compels the defendant, Holcomb, either to admit or deny that it is such incumbrance; he must here raise the defence, or permit it to be paid by the sale of his lands. He does not come into court asking relief of or by the court, but against the proceedings instituted in the court against him; it is both technically and really a defence, and only a defence, asking the court to keep their hands off him, or leave him alone as regards this mortgage.

This is in perfect accordance with the decision of this court in *Hudnit & Slater* v. *Nash.* In that case, the bill was filed by the second mortgagee, praying that the first mortgage should be declared void on account of usury. The owners of the equity of redemption, in their answer, set up the same defence, and prayed that the first mortgage should be declared void. Both asked the aid of the court to set aside that mortgage; and it is upon this ground that the decision of this court was placed, in the opinion delivered by Chancellor Green; and he observed, it was placing it upon the most technical ground, the very *apices litigandi.* The opinion of Chief Justice Whelpley, in the circuit, takes the same ground. And it may be fairly inferred from their reasoning, that neither would have extended his view so as to include the present case. It is clearly not within their reasoning. On the other hand, the prayer above stated, in the answer of the defendant, Vanderveer, in this case, places him in the same position that Hudnit & Slater were in that case, by their answer, remarked upon by the Chancellor. He does not really submit to the proceedings of the complainant, his alleged confederate, but makes himself the actor, so far as can be done by an answer.

The next question is one of more difficulty. Had the Court of Chancery evidence of the facts constituting the usury for which this mortgage is adjudged void? The only evidence was the answer of the defendant, Holcomb. As to the fact of the existence of the mortgage, it is responsive to the bill; as to the facts constituting the usury, it is not responsive, and could not be evidence, even against the complainant. And it is a settled rule in equity, that the answer of one defendant cannot be evidence against a co-defendant. *Gresley's Eq. Ev.* 24; 1 *Greenl. Ev.*, § 178; 2 *Daniell's Ch. Pr.* 838; *Morse* v. *Royal*, 12 *Ves.* 355; *Clark's Ex'rs* v. *Van Riemsdyk*, 9 *Cranch* 153; *Judd* v. *Seaver*, 8 *Paige* 548.

But the hearing being on bill and answer, without replication or proof, the statute fixes the effect of the answers. The thirty-eighth section of the act concerning the Court of Chancery, (*Nix. Dig.* 100,) provides that when a case is brought to hearing on bill and answer only, the answer shall be taken as true in all points. This applies as well to such parts as are not responsive to the bill, as to those that are; any new matter set up as a defence must be taken as true. The words of the statute are clear, and include the case of a co-defendant. There are here two answers; they do not contradict each other, and if both are taken as true, the defence of usury is established.

When answers contradict each other, no decree can be made under this section, and in that case relief could only be had by the complainant filing a replication to one or all of the answers, and taking testimony, or by a cross-bill, filed by one or more of the defendants for the same purpose; or perhaps, to suit its practice to the exigency of the case, the Court of Chancery would, in such case, order that the parties have leave to take and produce evidence. It is a proper case for a cross-bill. And in this case, as it stands, the defendant, Vanderveer, without denying the usury in his answer, could have had relief against the allegations in Holcomb's answer, by a cross-bill, and proofs thereon. This would give him the advantage of taking evidence upon the facts constituting the

usury, and obliging Holcomb to prove them, to which he is entitled, but he would not have the advantage of Holcomb's praying for the relief, an advantage to which he has no right.

But if the order appealed from (as I think, is in fact the case,) does not adjudicate upon, or determine the validity of the mortgage to the defendant, Vanderveer, but leaves it to be settled on the final hearing, upon coming in of the master's report, then there is no error in it by which the applicant is deprived of any right, and it cannot be reversed.   In either case, the order appealed from must be affirmed.

The whole court concur in these views.