FORCE *vs.* THE CITY OF ELIZABETH.

1. Equity, in relieving against the loss of a bond payable to bearer, makes no discrimination against loss by theft.

2. A court of equity is not ousted of any part of its original jurisdiction by the fact that a court of law exercises the same or a similar jurisdiction.

Bill for relief and general demurrer.

*Mr. R. E. Chetwood,* for demurrer.

*Mr. B. Gummere,* for complainant.

THE CHANCELLOR.

The complainant, on the 21st of January, 1872, was the owner of two bonds payable to the bearer thereof, executed and issued by the defendant—one for $500 and the other for $1000, each payable with interest. The interest was payable on the presentation of coupons or warrants, also payable to the bearer thereof, attached to the bonds. The bonds, with the coupons attached, were, on the day above mentioned, stolen from the vault of the Trenton Banking Company, where the complainant had deposited them for safe keeping. She gave notice by advertisement of her loss, but failed to recover either the bonds or the coupons. In April, 1875, she tendered to the defendant proper indemnity, and demanded payment of the principal and interest of the bond for $500, the principal of which was then due, and of the interest due on the other bond. The principal of that bond was not due. Payment was refused. She subsequently instituted this suit,

to compel the defendant to pay to her the amount due, and to become due during the pendency of this suit, on the bonds, offering to indemnify the defendant against loss or damage by reason of the payment, in such manner and with such sureties as this court might direct. In support of the demurrer, the defendant's counsel insists that the complainant is not entitled to relief in equity, because the loss alleged in the bill was through theft, and the bonds and coupons were not due at the time when they were stolen, and were of the character of negotiable paper; and further, because she has an adequate remedy at law. Neither of these grounds is tenable. Equity, in relieving against the loss of such instruments as these bonds, makes no discrimination against loss by theft. If the complainant has a remedy at law, it is by virtue of the statutory provision that "in an action upon any negotiable instrument which is lost, or upon any plea or notice of set-off founded on such instrument, the fact that such instrument was lost while negotiable by delivery or otherwise, shall not prevent a recovery thereon in a court of law; but a court of law shall give judgment in the same manner as if such note was not lost, and may take the same order thereon as a court of equity would to indemnify the party charged against the payment thereof." *Revision* 688, § 7. Apart from the question suggested, whether the use of the word note, in the latter clause of the section above quoted, does not limit the power given by the section to suits upon or set-offs of lost promissory notes, it is enough to say that this court is not ousted of any part of its original jurisdiction by the fact that a court of law exercises the same or a similar jurisdiction.

The demurrer will be overruled, with costs.