Halsey v. Ball.

EDMUND D. HALSEY, trustee &c.,

*v.*

ANNIE M. BALL et al.

1. In the absence of proof to the contrary, the presumption is that a deed for lands was delivered on the day when the grantee took possession of the premises.

2. Averments in the stating part of a bill, evidently intended as statements of facts, must be answered by the defendant if he intends to deny them, although the complainant "charges" the facts, instead of "shows" or "alleges" them.

Bill to foreclose. On exception to master's report.

*Mr. J. E. Howell,* for the exception.

*Mr. E. D. Halsey, contra.*

THE CHANCELLOR.

The complainant's mortgage was given January 1st, 1874, by Annie M. Ball and her husband to Edward G. Delaney, to secure the payment of part of the purchase-money of land then conveyed by Delaney to Mrs. Ball by deed of that date. Her deed for the property was not recorded until after February 20th, 1874, when Edward Keogh recovered a judgment against Delaney in the supreme court. She, however, went into possession of the property as soon as it was conveyed to her. Satisfaction of the judgment was entered of record October 2d, 1874. That entry, however, was vacated, but it was not until February 28th, 1878, over three years afterwards. On the 26th of August, 1876 (the judgment then stood canceled), Delaney assigned the mortgage for value to Thomas E. Allen, who was executor of Jacob Tompkins, deceased, and paid for the mortgage with the money of the estate. Allen died in June, 1880, and the complainant succeeded him in the trust. The bill states that the

11

judgment was recovered subsequently to the delivery to Mrs. Ball of the possession of the property, and that she continued to be, and was, in possession when the judgment was entered; that when Allen took the assignment the judgment was canceled of record, and he had no notice of its being a subsisting lien on the property, and took the mortgage in good faith and in the belief that it had been legally satisfied; and it also avers that if the judgment is a lien at all on the property, it is subsequent to the mortgage. David W. Bonnel, the assignee of the judgment, is a party to the suit, but did not answer, and the bill was taken as confessed against him. He contested before the master, however, the complainant's right to priority. The master reported in favor of the complainant, and Bonnel excepts to the report in this respect.

While it appears, from the testimony taken before the master, that Mrs. Ball took possession as soon as the property was conveyed to her, it does not appear when the deed was delivered. In the absence of proof to the contrary, the presumption is that it was delivered at its date. The above-stated averments of the bill are in its stating part, and are evidently intended as statements of facts, and not as what is technically known as a charge, although the pleader has used the word "charges" instead of "shows," or other word signifying allegation or averment. It was incumbent on Bonnel to answer them if he meant to deny them, or take issue on them, and not admit that they are true. They therefore are to be taken as admitted; and, if so, Keogh, when he recovered his judgment, had notice of the previous conveyance to Mrs. Ball, for her possession was such notice. And this takes away from Bonnel all claim to priority over the complainant's mortgage. The exception will be overruled, with costs.