FREDERICK R. MADDOCK, administrator, &c.,

*v.*

MARJORIE HEATH CONNOLLY et al.

[Argued November 24th, 1913.   Decided March 16th, 1914.]

A party who seeks to foreclose a mortgage given for future advances must prove that such advances were in fact made, and that they remain unpaid, in order to entitle him to the relief which he seeks.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported *ante p. 533.*

Mr. *Ralph E. Lum* and Mr. *Egbert J. Tamblyn,* for the appellant.

Mr. *Cortlandt Parker,* Mr. *Edward A. Day* and Mr. *John R. Hardin,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed for the foreclosure of a mortgage of $30,000 given by Charles Heath, the son of Edmund Heath, complainant's decedent, to his father, in 1892. The mortgagor died in 1900, and the mortgagee caused the instrument to be registered shortly after the occurrence of that event. Edmund Heath, the mortgagee, died in 1904, leaving a last will and testament, in and by which he appointed his wife Margaret sole executrix thereof. Mrs. Heath acted as executrix until her death, and the complainant was subsequently appointed administrator *cum testamento annexo,* and filed the present bill in that capacity. He claims that the mortgage was given to secure future advances of moneys to be made by Edmund Heath to his son Charles, and that such advances were in fact made. The learned vice-chancellor before whom the cause was heard considered that he had failed to sustain his claim by the proofs submitted—that is to say, that the proofs did not show any advances made by the father to the son on account of the mortgage—and for this reason dismissed the bill. We concur in this conclusion of the vice-chancellor, and approve the grounds upon which it is rested, as set out in the opinion filed by him in the cause.

But even if the complainant had carried the burden of proof upon this point, and shown the payment of advances on account of the mortgage, this fact alone would not have entitled him to the decree prayed for. He was bound to show, in addition, that the advances constitute an outstanding obligation against the estate of Charles Heath, in order to entitle him to that relief. If he had produced the bond and mortgage from among the papers of the decedent, his possession of them would have been *prima facie* evidence that the mortgage did remain unpaid. But this he was unable to do. He showed that the mortgage had passed into the hands of Mrs. Margaret Heath as executrix of her husband's estate upon the latter's death; that it apparently disappeared while in her hands; that it was not found

after her death among the papers belonging to her husband's estate, and that diligent search has failed to bring it to light. But this proof, in view of other circumstances appearing in the case, does not raise a presumption of non-payment. Mrs. Heath, as appears from an inspection of her husband's will, was given a legacy of $70,000 out of his estate. Her son Charles was her only child. He left children surviving him who, by his will, were the sole beneficiaries of his estate, and these children were the natural objects of Mrs. Heath's bounty. She had a right (subject, of course, to valid claims of creditors of her husband, and those of her co-legatees) to pay the legacy to herself *pro tanto,* by appropriating this mortgage to her own use, and, after so doing, to cancel and destroy it as an obligation against her son's estate, and so increase the *corpus* of that estate for the benefit of her grandchildren. In the absence of proof that Mrs. Heath's legacy was otherwise paid (and there is no such proof) it seems to us quite as natural to presume that the non-existence of the mortgage is to be accounted for in some such way as this, as on the theory that so valuable a security was lost through the carelessness of Mrs. Heath while in her hands as executrix, and while still an outstanding obligation in favor of her husband's estate.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—11.

*For reversal*—None.