THE NEW JERSEY TITLE GUARANTEE AND TRUST COMPANY, a corporation,

*v.*

LOUISA ARCHIBALD et al.

[Decided January 21st, 1919.]

1. Joint tenancy may be created in personal property.

2. Where money was deposited in a bank of deposit, with a signed statement that all moneys deposited in that account belonged to the signers as joint tenants, and would be the property of the survivor, either party and the survivor to draw, the account is in joint tenancy, and the survivor is entitled to the money deposited.

On motion to strike out.

*Messrs. Collins & Corbin,* for the complainant.

*Mr. Ralph E. Cooper,* for the defendants.

LEWIS, V. C.

The motion to strike out the bill of complaint should prevail. The facts which are agreed upon are as follows: The bill of complaint was filed by the executor of Helena Metz for instructions as to its duty with respect to two bank deposits, one with the complainant, and one with the First National Bank of Westwood, New Jersey, standing in the joint names of Helena Metz and her daughter, the defendant Louisa Archibald.

The account with the New Jersey Title Guarantee and Trust Company, which dated from March 31st, 1916, contains the following provision:

"This account. and all money to be credited to it, belongs to us as joint tenants. and will be the absolute property of the survivor of us, either and the survivor to draw."

The other account with the First National Bank of Westwood, New Jersey, was opened March 4th, 1918, in the name of Helena Metz and Louisa Archibald, they having signed a writing and delivered the writing to the said bank, in which, among other things, was the following provision:

"This account, and all money to be credited to it, belongs to us as joint tenants, and will be the absolute property of the survivor of us, either and the survivor to draw."

Neither of the parties drew any funds while both were alive.

These facts set forth in the bill lead me to the conclusion that the accounts are in joint tenancy, and as such the survivor is entitled to the money deposited.

The requisites of an estate in joint tenancy are present—the unities of interest, title, time and possession; and the estate, of course, was created by the act of the parties.

It is well settled that a joint tenancy may be created in personal property with the same incidents of joint control and survivorship as in real property.

The words used by the New Jersey Title Guarantee and Trust Company and the First National Bank of Westwood in these contracts of account are most appropriate for the creation of an interest of joint tenancy; and they meet the rule that joint tenancy in personal estates must be sustained by the same requirements and fulfill the same conditions as joint tenancy in realty. *Staples* v. *Maurice, 2 Eng. Reprint 895.*

A case which controls is *East Rutherford Savings and Building Association* v. *Margaret Stewart McKenzie (New Jersey Court of Errors and Appeals), 87 N. J. Eq. 375.*

An examination of this case leads one unhesitatingly to view the transactions between the New Jersey Title Guarantee and Trust Company, the First National Bank of Westwood, New Jersey, Helena Metz and Louisa Archibald, as having created a joint tenancy in the moneys deposited in these accounts.

In the case of *Morristown Trust Co.* v. *Capstick, 106 Atl. Rep. 391* (just reported), Vice-Chancellor Stevens indicates a concurrence in the views taken in the case under consideration.

An order may be accordingly entered.