Defendant Winifred King moves to strike the bill for reasons stated below.
Last summer Miss King instituted an action at law against King Manufacturing Company to recover $1,400 alleged to *Page 555 
have been loaned to the company in April and May of 1935. The company answered that on November 30th, 1935, the plaintiff executed and delivered to it a release under seal discharging all demands and claims then existing in favor of the plaintiff against the company. Miss King replied with a denial, besides special matters. At this stage, the company and two individuals who hold fifty-one per cent. of its stock, filed the bill.
They allege: Miss King was a director and secretary of the company from its organization until about November 30th, 1935, when she resigned her offices and transferred her shares of the corporate stock to Nicholas Fabian. In the course of the negotiations with Fabian, she executed the release, but retained it in her possession as an officer and agent of the company, until the transaction with Fabian was consummated. He was immediately elected secretary of the company, and the release was delivered to him "or to some other person for and on behalf of the corporation, and that, if the defendant Winifred King retained possession of the said release, that it thereupon became her duty to surrender the same to the corporation." From November 30th, 1935, to May 14th, 1937, Fabian was in possession of the records of the company. At about the date last mentioned, complainants purchased from Fabian a controlling interest in the company and were elected officers thereof, and at the same time Fabian delivered to them "what was represented and believed by the complainants to be all of the books and records of the corporation, not including, however, the release of the said defendant Winifred King." Complainants first heard of Miss King's claim when she instituted her action; they then hunted up Fabian and he "stated that the release hereinbefore referred to had been delivered to him and that it remained in his possession until shortly after May 14th, 1937, when the same was, by mistake, delivered to the defendant Winifred King or to her agents."
Complainants pray that the release be established by decree of this court and that Miss King be enjoined from further prosecuting her action. *Page 556 
Defendant first objects to the form of some material allegations of the bill. Those relating to the creation of the corporation, to the action at law and other matters presumably within the individual complainant's knowledge, are stated positively and directly. But the transactions between Miss King and Fabian, including the execution and delivery of the release, are introduced by the clause, "complainant has been informed and believes, and therefore charges that," and in one or two instances, merely, "complainant is informed and believes that," omitting "and charges." The first form of stating a fact not within the knowledge of complainants, is proper and well founded in precedent. See many instances in Dickinson's ChanceryPrecedents, Halsey v. Ball, 36 N.J. Eq. 161. The case on which defendants rely, Maplewood v. Margolis, 102 N.J. Eq. 467;104 N.J. Eq. 207, dealt not with the sufficiency of a pleading, but with a motion for interlocutory relief. Strictly, the expression, "complainant is informed and believes that," c., may be insufficient, because it contains no direct averment of the matter so introduced. Brokaw v. Brokaw, 41 N.J. Eq. 215, 220.
But I will not, on this ground, dismiss the bill. If defendant insists upon her point, the bill may be amended by inserting the words "and shows," or the like.
Defendant also attacks the substance of the bill. The foundation of equitable jurisdiction to grant relief upon lost instruments under seal, was the inadequacy of the legal remedy. The plaintiff or defendant, pleading the instrument at law, had to make profert and this he could not do if the instrument was lost. Later, the law courts relaxed their rules and permitted the pleader to show the loss of the instrument in excuse for not making profert. But this liberalization of the legal procedure did not divest chancery of jurisdiction. Reeves v. Morgan,48 N.J. Eq. 415, 429.
Whether chancery will exercise its jurisdiction rests in the sound discretion of the court. Cornish v. Bryan, 10 N.J. Eq. 146.
When the remedy at law is adequate and complete, and the objection is made early in the case, chancery will decline to act. In the present instance, the same evidence *Page 557 
which would be admissible to establish complainants' bill would be received in the law court on the plea of the release. And if the evidence were convincing, a judgment for the company would follow and be as conclusive against Miss King's claim as any decree this court could make. But in suits for cancellation of an instrument — and the principle is the same in a suit to establish a lost document — it is sometimes said that "mere defense, however perfect, is not relief." That means that the opposite party may delay bringing his action at law, or may put off the trial, or discontinue suit, and so prevent complainant from obtaining a judgment at law. Again, the estoppel of the judgment, limited by the pleadings, may not be as full a protection to complainant as a cancellation of the instrument. Sweeny v.Williams, 36 N.J. Eq. 627; Smith-Austermuhl Co. v. AdvertisingCo., 89 N.J. Eq. 12. Our cases disclose that chancery asserts jurisdiction to establish lost instruments as readily as in cancellation cases. Force v. Elizabeth, 27 N.J. Eq. 408;Motley v. Darling, 86 N.J. Eq. 185.
Complainants' legal remedy is dependent upon Miss King prosecuting her action to judgment; and even then the company may not be fully protected against some other claim of Miss King, not included in her present action. Therefore, the legal remedy is not sufficient to bring about a dismissal of the bill.
Complainants move to enjoin prosecution of the action pending in the circuit court until final hearing of the chancery case. Observe first that complainants cannot suffer from a prompt trial at law, since the facts they allege here will be a complete defense there. They can examine Miss King in the law action before trial and can subpoena Fabian to testify. But complainants have joined Fabian as a defendant in chancery and have annexed to the bill interrogatories to be answered under oath by him and by Miss King. Complainants seem to think that they can use Fabian's answers as evidence against his co-defendant. The interrogatories are propounded pursuant to Chancery act of 1902, section 19,Comp. Stat. p. 417, and the answers, so far as responsive *Page 558 
to the interrogatories, will have the same effect as responsive allegations in a sworn answer. "And it is the settled rule in equity, that the answer of one defendant cannot be evidence against a co-defendant." Vanderveer v. Holcomb, 17 N.J. Eq. 547.
Complainants will be able to prove their case at law as conveniently as in equity.
The bill of complaint contains some allegations that I must here notice: When the two individual complainants purchased shares of the King Manufacturing Company from Fabian, he represented to them that the company's liabilities did not exceed $501, composed of enumerated accounts payable, and not including Miss King's claim. The stock was purchased in reliance on that representation. The bill prays, in the event the release is not established, that Fabian be decreed to pay such sum as may be found due by the company to Miss King.
Complainants want the cause tried in chancery so that the same decree which establishes Miss King's debt, may direct Fabian to pay it. But Miss King's debtor is the company, and of the company she can demand payment. Fabian is not obligated to the company, but to the individuals to whom he sold stock. He is not liable to pay Miss King, or to reimburse the company; he can be called to respond to the individual complainants only, and that for the damage they have suffered. If they are paid by him, they may invest the money in the company should they so choose, or they may do whatever they like with it.
The two causes of action are entirely distinct: one should not be delayed on account of the other. The motion to enjoin prosecution of the law action is denied.
Should the chancery suit be stayed a reasonable time in which Miss King may press her action to trial and then the party successful in that action, be allowed to file a supplemental bill here in order to make the judgment a basis for a decree? Chase
v. Chase, 50 N.J. Eq. 143. *Page 559