This matter arises on a motion to strike the bill of complaint, the defendant, contending, among other things, that there is an adequate remedy at law.
The bill seeks to enjoin the defendants, Thornton W. Price individually, and Edward F. Juska, as receiver of the Coal Carburetor Company, from further prosecuting a suit pending in the New Jersey supreme court for Somerset county, or in any other county, or from prosecuting any suit or suits in any court of this state, or in any other state of the United States, for the purpose of enforcing any claim based upon purchases alleged to have been made by the complainant Verdi, individually, or as an alleged partner of the complainant Charles F. Gardner from the Coal Carburetor Company. *Page 580 
Verdi, Gardner and James V. Bonnanno, on November 6th, 1925, organized a corporation known as Gardner Verdi, Inc., under the laws of New Jersey. Gardner became its president, and Verdi its secretary and treasurer.
The Coal Company is and was prior to January 1st, 1920, a corporation of New Jersey. In November, 1929, it engaged in manufacturing, selling and distributing an automatic heating device known as "coal carburetor." Price, the defendant, in December, 1929, was and still is, president of the Coal Company. It distributed its products by granting exclusive agencies to various persons and corporations. On January 3d 1930, Gardner 
Verdi, Inc., entered into a written contract with the Coal Company, by which it was granted the exclusive right to sell and distribute coal carburetors throughout Hudson county. The Coal Company required its agents to carry on the sale of the carburetors under a name which included the words "Coal Carburetor Sales of ____." Gardner Verdi, Inc., complied with this request and conducted its agency under the name of "Coal Carburetor Sales of Hudson." Gardner Verdi, Inc., continued to act as agent of the Coal Company until the latter part of March or the early part of April, 1930. Verdi, Gardner and Verdi's two brothers, Nicholas and Michael, formed a corporation known as Verdi Bros., Inc., under the laws of the State of New Jersey, on March 7th, 1930. This corporation, it is alleged, at the express request of the Coal Company, took over all of the rights and obligations of Gardner Verdi, Inc., under the agency agreement on or about April 1st, 1930. At the same time, the Coal Company increased the exclusive territory granted by the agency agreement so that it included all of Bergen county, part of Essex county and all of Staten Island. Shortly thereafter, Verdi Bros., Inc., changed the name under which the agency was conducted from Coal Carburetor Sales of Hudson to Coal Carburetor Sales of Northern New Jersey. The carburetor device, it is alleged, proved to be defective, and Verdi Bros., Inc., notified the Coal Company on or about December 26th, 1930, that it would not place any more orders for carburetors because of alleged misrepresentations and breach of warranties by the Coal Company. *Page 581 
On February 4th, 1931, it returned to the Coal Company the equipment that it then had on hand and demanded credit for the same. It also demanded that the Coal Company reimburse it for the losses which it had sustained by reason of the alleged breach of warranties and misrepresentations. The Coal Company refused both of these demands. On February 13th, 1931, Verdi Bros., Inc., instituted an action in the supreme court for Hudson county against the Coal Company for $50,000. The Coal Company neglected to file an answer in that action within the time prescribed by law, and an interlocutory judgment by default was entered against it. Subsequently, the Coal Company moved to reopen the judgment. On May 4th, 1931, a rule was entered in that action opening the interlocutory judgment and permitting the Coal Company to file an answer and counter-claim.
On August 15th, 1931, Price instituted an action in the New Jersey supreme court for Somerset county against Verdi Bros., Inc., wherein he, as the alleged assignee of the Coal Company, sought to recover the sum of $9,557.57 which he alleges was due and owing to the Coal Company from Verdi Bros., Inc. Before either of the aforementioned actions were brought on for trial, Verdi Bros., Inc., was declared to be an insolvent corporation and neither action was ever brought to a conclusion.
On August 15th, 1935, Price instituted another action in the New Jersey supreme court for Somerset county, against Verdi and Gardner, partners trading as Coal Carburetor Sales of Hudson. In that action, he sought to recover the aforementioned sum of $9,557.57 upon the theory that the merchandise was not purchased by Verdi Bros., Inc., but rather by Gardner and Verdi as partners. During the interim between April, 1931, and August 20th, 1935, practically all of the records of Gardner Verdi, Inc., and Verdi Bros., Inc., were lost, including the written agreement entered into between Gardner Verdi, Inc., and the Coal Carburetor Company, on January 3d 1930, as aforesaid. That case came on for trial before the late Honorable Rulif V. Lawrence and a jury at Somerville on February 18th, 1937. The jury found *Page 582 
in favor of Price against Verdi, individually. This verdict was set aside by Judge Lawrence, on the return of an order to show cause, as being contrary to the weight of the evidence in the case. Later, it came on for trial a third time before Judge Lawrence and a jury at Somerville on February 14th, 1938. The jury returned and advised the court that they were unable to agree upon a verdict.
On September 2d 1938, a bill was filed in this court by a creditor of the Coal Company asking that it be adjudicated an insolvent corporation. On September 6th, 1938, Vice-Chancellor Buchanan found it to be insolvent and appointed the defendant Edward F. Juska as receiver. Edward F. Juska, it is alleged, made an investigation into the alleged assets of the Coal Company and concluded that any right that the Coal Company might have against M. Edward Verdi and Gardner Verdi as partners, had never been assigned to Price, and was vested in said Coal Company. Juska then, on October 20th, 1938, instituted a suit in the court of chancery for the purpose of enjoining the action by Price as assignee of the Coal Company against Gardner and Verdi, partners trading as Coal Carburetor Sales of Hudson, and therein alleged that the cause of action, if any, against them vested in him as receiver of the Coal Company for the benefit of the creditors of that company, and not in Price.
The bill herein alleges that unless this court will take jurisdiction of the controversies and declare that the written contract entered into under date of January 3d 1930, between Gardner Verdi, Inc., and the Coal Company is a lost document, the terms of which should be established in this cause, and unless it will establish the existence and terms of said contract, the complainants, particularly complainants Gardner and Verdi, will be irreparably injured in that they will be compelled to take the risk of being unable to establish the existence of this document and the assignment or novation thereof from Gardner Verdi, Inc., to Verdi Bros., Inc., to the satisfaction of a court of law and a jury.
The bill further avers that the assignment dated August 10th, 1930, by the terms of which the alleged cause of action of the Coal Company against Verdi and Gardner, partners *Page 583 
trading as Coal Carburetor Sales of Hudson is alleged to have been transferred to Price, was fraudulently executed many years after the date shown upon its face, for the purpose of enabling Price to make it appear that the Coal Company had a cause of action against Gardner and Verdi as partners, when in fact, the sole cause of action of said company, if any, was against Verdi Bros., Inc.
The bill further avers that the complainants Gardner and Verdi are confronted with the possibility of having to defend two or more actions at law upon the same alleged cause of action. It avers that assuming that Verdi successfully defends the action brought by Price which is now pending in the New Jersey supreme court for Somerset county, the adjudication in that suit would not be binding upon Juska if it should be determined in the chancery suit that the cause of action actually belonged to the corporation and not to Price. The bill further avers that Price fraudulently delayed instituting the suit against Gardner 
Verdi, Inc., until it was determined that the records of Gardner Verdi, Inc., and of Verdi Bros., Inc., were lost, misplaced or destroyed, so that the complainants would have no written evidence to refute the contentions that they were personally dealing with the Coal Company. Eggers v. Anderson, 63 N.J. Eq. 264; Dawson v. Leschziner, 72 N.J. Eq. 1; Commercial CasualtyInsurance Co. v. Southern Surety Co., 100 N.J. Eq. 92;135 Atl. Rep. 511; affirmed, 101 N.J. Eq. 738; 138 Atl. Rep. 919;Travelers Insurance Co. v. Evslin, 101 N.J. Eq. 527;139 Atl. Rep. 520; Prudential Insurance Co. v. Merritt-Chapman ScottCorp., 111 N.J. Eq. 166; 162 Atl. Rep. 139; Aetna Life InsuranceCo. v. Sussman, 111 N.J. Eq. 358; 162 Atl. Rep. 132.
Equity can give complete relief in cases of lost instruments.Reeves v. Morgan, 48 N.J. Eq. 415; 21 Atl. Rep. 1040; Moore
v. Durnan, 63 N.J. Eq. 96; 51 Atl. Rep. 449; affirmed, 69 N.J. Eq. 828; 65 Atl. Rep. 463; Motley v. Darling, 86 N.J. Eq. 185;90 Atl. Rep. 384; King Manufacturing Co. v. Fabian, 122 N.J. Eq. 554; 195 Atl. Rep. 623; Prudential Insurance Co. v.Merritt-Chapman Scott Corp., 112 N.J. Eq. 179;163 Atl. Rep. 894. *Page 584 
The facts in the instant suit are complicated with questions which clearly involve legal and equitable principles. This court, in my opinion, is the only tribunal which has the jurisdiction to "iron out" in one proceeding the various difficulties of all the parties. The several actions now pending in the courts of law and equity present a situation, which, at best is confusing; and if allowed to proceed under the pending variety of actions and suits, the net result, it is my belief, will be a failure of justice and equity. The assumption of jurisdiction by equity will, also, avoid circuity of action. Better Plan Building andLoan Association v. Holden, 114 N.J. Eq. 537;169 Atl. Rep. 289; Commercial Trust Co. v. The Belhall Co., 119 N.J. Eq. 30;181 Atl. Rep. 63; Young v. Weber, 117 N.J. Eq. 242;175 Atl. Rep. 273.
Under all the facts and circumstances, the motion to strike the bill will be denied.