This is a suit to recover the sum of $1,000 allegedly loaned by the complainant and her husband, now deceased, to the defendants and secured by a promissory note. The complainant says the note evidencing the loan was lost and she *Page 265 
seeks to establish it. The defendants deny ever having borrowed any money from the complainant or her late husband, and likewise deny the execution of the note. The proof submitted by the complainant as to the loan, and the note evidencing it, is most scant and unconvincing.
The substance of the complainant's testimony is to the effect that she and her husband first advanced the sum of $400 to the defendants, and at a later period, the further sum of $600; that on or about January 15th, 1941, she went to live with the defendants at their home and remained with them until June 13th, 1941, when she was obliged to go to a hospital for medical attention, and remained there until August, 1941; that before going to the hospital, she placed the promissory note in her trunk. She related that upon her return from the hospital she unlocked her trunk and found that the note was not there; whereupon she made diligent search for it throughout the defendants' premises, but did not succeed in finding it.
She produced a witness, Ruth Osborn, who claimed to have been at the home of the defendants after the complainant had left it to go to the hospital. She said that Hazel, the defendant, at that time told her "we owe money to Uncle Bill," meaning the complainant's husband. It was further stated on the part of the complainant that defendants said to the complainant in the presence of Ruth Osborn — "Don't worry, you'll get that money when we sell the house."
The defendants testified that the complainant came to live with them on January 15th, 1941, and remained in their home until she went to the hospital as above stated. The defendant Rose said that after the complainant returned from the hospital she stayed with her, and the complainant said — "There was a paper missing worth $1,000."
There was no evidence of the note's existence other than the complainant's testimony; no other person claims to have seen it. The burden is on the complainant to sustain the allegations of the bill, and this, I am satisfied, she has not done by clear and cogent evidence.
"Whether a complainant seeks to establish a lost instrument such as a deed of conveyance or a will, or seeks to *Page 266 
recover upon a lost instrument such as a mortgage or promissory note, the burden is on him in the first instance to prove that a document of the sort alleged in the bill once existed, and that it was properly executed and delivered and so became a valid instrument as between the parties." Borstelman v. Brohan,81 N.J. Eq. 401; 87 Atl. Rep. 145; Maddock v. Connolly, 82 N.J. Eq. 533; 91 Atl. Rep. 735; affirmed, 82 N.J. Eq. 609;90 Atl. Rep. 314.
See, also, Miller v. Wack, 1 N.J. Eq. 205; Moore v.Durnam, 63 N.J. Eq. 96; 51 Atl. Rep. 449; Motley v. Darling,86 N.J. Eq. 185; 98 Atl. Rep. 384; New Jersey Title Guarantee andTrust Co. v. Archibald, 90 N.J. Eq. 384; 107 Atl. Rep. 472;affirmed, 91 N.J. Eq. 82; 108 Atl. Rep. 434; J.A.B. Holding Co.
v. Nathan, 120 N.J. Eq. 340; 184 Atl. Rep. 829; Verdi v.Price, 129 N.J. Eq. 355; 19 Atl. Rep. 2d 211.